## POSEY v. PLAINS PIPE LINE CO.
### No. 3620.

Court of Civil Appeals of Texas. Amarillo.
May 27, 1931.

Rehearing Denied June 17, 1931.

H. H. Smith, of Panhandle, for appellant.
James Spiller, of Panhandle, for appellee.

HALL, C. J.

This case presents an unusual question. Posey sued the appellee in the justice court of Carson county to recover indebtedness alleged to be due him for labor. Citation was duly issued and served on appellee, properly returned, and filed in the justice court on May 22, 1930, citing the appellee to appear for trial on May 26th. On appearance day appellee entered its appearance in the case and secured a continuance until the June term of said court. At the June term both parties appeared and agreed that the case be set for trial on July 7th. On that day the plaintiff and his attorney appeared, but the defendant was not present by attorney or otherwise. There was a trial, and appellant recovered a judgment in the sum of $131.44, with costs.

About ninety days later the appellee, by certiorari proceedings, attempted to transfer the case to the county court of Carson county. In the last-named court the appellant attacked the certiorari proceedings and moved to dismiss upon numerous grounds. The court overruled the motion, to which the appellant, Posey, excepted. The case was then called for trial upon its merits, and a consent judgment was entered into in open court, which recites that the parties plaintiff and defendant, without waiver by plaintiff of his exceptions to the action of the court in overruling his said motion to dismiss for certiorari, but still insisting on the same, by their said attorneys agreed that plaintiff is not now able to procure his witnesses for a trial on the merits; that a judgment on the merits be entered in favor of the defendant in this cause, subject to the right of the plaintiff to except thereto and question its validity on the ground that his motion to dismiss certiorari should have been sustained and on the ground that this court by reason of his motion to dismiss certiorari, as aforesaid, is without jurisdiction to proceed in the premises other than to dismiss the proceedings and remand the cause to the lower court for execution, it being expressly understood that plaintiff, by the foregoing agreement to enter judgment on the merits, does not waive the defects and irregularities, if any, in the defendant's said application and affidavit for certiorari, nor does he by such agreement waive the insufficiency of said application and affidavit as such as against his motion to dismiss, if insufficiency exists, it being further understood that all errors and irregularities, if any, in defendant's said certiorari procedure, may be heard and determined by the Court of Appeals the same as if judgment had been rendered upon evidence adduced in the absence of agreement and over plaintiff's objections as made. The judgment then decrees that plaintiff, Posey, take nothing as against the defendant pipe line company, and that the latter recover its costs.

The general rule is that a party cannot complain of a judgment or decree rendered by consent or on agreement, nor can he appeal or sue out a writ of error to have

the same reviewed, even though there has been an attempt to reserve the right to appeal. 3 C. J. 671. It is held in Texas that a judgment by consent of parties waives all errors committed before its rendition, and they will not be noticed by the appellate court. McDaniel v. Monday, 35 Tex. 39; Tait v. Matthews, 33 Tex. 112; Dunman v. Hartwell, 9 Tex. 495, 60 Am. Dec. 176; Johnson v. Hall (Tex. Civ. App.) 163 S. W. 399; Forty-Acre Spring Live Stock Co. v. West Texas Bank (Tex. Civ. App.) 111 S. W. 417; Campbell v. Kracke & Flanders (Tex. Civ. App.) 100 S. W. 1028; Wells v. Houston (Tex. Civ. App.) 56 S. W. 233; National Bank of Denison v. Kilgore, 17 Tex. Civ. App. 462, 43 S. W. 565.

Craighead v. Bruff (Tex. Civ. App.) 55 S. W. 764, holds that an agreement for judgment precludes the raising of questions as to jurisdiction. Of course, if the county court had no jurisdiction of the subject-matter, an agreed judgment would not waive the want of jurisdiction, but the amount involved herein is appealable to the county court. The law is settled in Texas that a general appearance entered by a defendant waives all informalities and defects in process or prior proceedings had in the case, and we can conceive of no more effectual general appearance than an agreement or consent to a judgment.

The fact that the parties agreed, and the trial court decreed, that this court might pass upon the sufficiency of the certiorari proceedings, is in no degree binding upon this court. By the consent judgment plaintiff confessed that he was not entitled to recover. The sufficiency of the certiorari proceedings therefore becomes moot.

For the reasons stated, we affirm the judgment.