Amos L. HOSEY, et ux., Appellants,

v.

FIRST NATIONAL BANK OF GOLIAD, Appellee.

No. 1679.

Court of Civil Appeals of Texas, Corpus Christi.

Feb. 28, 1980.

Rehearing Denied March 20, 1980.

**630**

Amos Hosey, (pro se.)

D. R. Stephenson, Guittard & Henderson, Victoria, for appellee.

OPINION

PER CURIAM.

This appeal is from a judgment rendered in three consolidated causes in which the First National Bank of Goliad was plaintiff and Mr. and Mrs. Amos Hosey were defendants. The judgment recites:

> "Prior to conclusion of Plaintiff's evidence, the parties announced to the Court that all matters in controversy had been settled, and an agreement was dictated into the record, and was thereafter transcribed, and signed, and this Court finds that on the evidence, Plaintiff should have and is entitled to judgment pursuant to said settlement agreement."

The terms of the settlement agreement are thereafter reflected in the judgment.

Appellee has filed a motion to dismiss the appeal alleging, among other things, that appellants are estopped from attacking a judgment to which they agreed. Certified copies of the judgment and the settlement agreement are attached to the motion. All parties signed the agreement.

We note first that the judgment fully effectuates the terms of the agreement. It does not adjudicate any issues outside the scope of the agreement, and it includes all the issues which were the subject of the agreement.

█ It is a well settled principle of law that a party may not attack a judgment to which he has agreed, absent allegation and proof of fraud, collusion or misrepresentation. *Dunman v. Hartwell*, 9 Tex. 495 (1853); *Griffin v. Smith*, 457 S.W.2d 127 (Tex.Civ.App.—San Antonio 1970, writ ref'd); *DeLee v. Allied Finance Company of Dallas*, 408 S.W.2d 245 (Tex.Civ.App.—Dallas 1966, no writ); *Alexander v. Alexander*, 373 S.W.2d 800 (Tex.Civ.App.—Corpus Christi 1964, no writ); *Toplitsky v. Toplitsky*, 282 S.W.2d 254 (Tex.Civ.App.—Galveston 1955, writ ref'd n. r. e.); *Pillow v. McLean*, 86 S.W.2d 646 (Tex.Civ.App.—

Amarillo), rev'd on other grounds, 126 Tex. 349, 88 S.W.2d 702 (1935).

█ Appellants have not alleged that the appellee engaged in any character of fraud or coercion to obtain their agreement to the terms of the settlement. On the contrary, the record reflects that, prior to the time the agreement was signed, both Mr. and Mrs. Hosey were questioned about whether they understood and agreed to the terms of the settlement. Each replied affirmatively. Thereafter the appellants filed a "Notice of Appeal of Settlement" in which they affirmatively state that the notice "is presented only in the event that Plaintiff's or Defendants do not hold to their agreements." The existence of an effective agreement has thus been recognized by appellants not only at the time the agreement was signed, but subsequent thereto. Appellants did not file a motion for new trial, they have not filed a new suit to set aside the agreed settlement, nor have they filed an answer to appellee's motion to dismiss the appeal in this Court.

█ The appellee has requested this Court to assess damages under Rule 438, T.R.C.P. We find that this appeal has been taken for delay and that there was not sufficient cause for taking this appeal. The record shows that the appellants were defendants in the court below. We therefore assess $2,500.00, which is ten percent of the amount of the judgment, against appellants. The appellants are ordered to pay $2,500.00 to appellee together with the amount of the judgment, interest at the rate of six percent on the entire amount owed, and costs.

Appellee's motion to dismiss the appeal is granted.