**Lewis Calvin BAW, Appellant,**

v.

**Linda Anne BAW, Appellee.**

**No. 05–95–01359–CV.**

Court of Appeals of Texas,
Dallas.

June 30, 1997.

E. A. Weinberg, Garland, for Appellant.

Calvin C. Otte, Law Offices of Calvin C. Otte, Dallas, for Appellee.

Before LAGARDE, KINKEADE and MALONEY, JJ.

## OPINION

MALONEY, Justice.

Lewis Calvin Baw (Husband) sued Linda Anne Baw (Wife) for divorce. In a single point of error, Husband contends the trial court abused its discretion in determining the community interest in his profit-sharing-retirement-trust plan. We overrule Husband's point of error and affirm the trial court's judgment.

## BACKGROUND

Husband and Wife agreed on all issues in the division of their community estate except the value of the community interest in Husband's profit-sharing-retirement-trust plan. The parties submitted this one issue to the trial court on the following stipulations: (1) Husband and Wife were married for 33 months; (2) Husband had participated in the plan for 336 months; (3) the plan's value was $106,123.14 at the time of their marriage and $128,333.84 at the time of their divorce. Husband and Wife agreed that Wife would receive one-half of the community interest in the plan. The trial court concluded that the community interest in the plan was the difference between its value on the date of marriage and its value on the date of divorce. Accordingly, the trial court entered a divorce decree granting Wife $11,105.35 of the "benefits payable" under the plan.

In Husband's sole point of error, he argues that the trial court erred in not calculating the community interest in the profit-sharing-retirement-trust plan according to the supreme court's decision in *Berry v. Berry*, 647 S.W.2d 945 (Tex.1983). Wife argues that (1) Husband cannot appeal the court's finding because the divorce decree was a consent judgment, and (2) the trial court properly calculated the community interest in the plan. Additionally, Wife seeks damages under Texas Rule of Appellate Procedure 84, contending that Husband's appeal is for delay only and without sufficient cause.

## CONSENT JUDGMENT

### 1. Applicable Law

A party cannot appeal from a judgment to which it has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation. *Gillum v. Republic Health Corp.*, 778 S.W.2d 558, 562 (Tex.App.—Dallas 1989, no writ). A party's consent to the trial court's entry of judgment waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to properly present for appellate review. *Id.*; *see also Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 893 (1956); *DeLee v. Allied Fin. Co.*, 408 S.W.2d 245, 247 (Tex.Civ.App.—Dallas 1966, no writ); *Posey v. Plains Pipe Line Co.*, 39 S.W.2d 1100, 1100–01 (Tex.Civ.App.—Amarillo 1931, writ dism'd).

To have a valid consent judgment, each party must explicitly and unmistakably give its consent. *First Am. Title Ins. Co. v. Adams*, 829 S.W.2d 356, 364 (Tex.App.—Corpus Christi 1992, writ denied); *Bexar County Criminal Dist. Attorney's Office v. Mayo*, 773 S.W.2d 642, 644 (Tex.App.—San Antonio 1989, no writ). Consent must exist at the very moment the trial court makes an agreement the judgment of the court. *Sohocki v. Sohocki*, 897 S.W.2d 422, 424 (Tex.App.—Corpus Christi 1995, no writ); *Adams*, 829 S.W.2d at 364.

A party who approves only the form of the judgment forfeits no right to appeal. *Adams*, 829 S.W.2d at 364; *Mayo*, 773 S.W.2d at 644. The phrase "approved as to form and substance" standing alone does

not transform a judgment into a consent judgment. *Oryx Energy Co. v. Union Nat'l Bank,* 895 S.W.2d 409, 417 (Tex.App.—San Antonio 1995, writ denied); *Adams,* 829 S.W.2d at 364.

### 2. Application of Law to Facts

■ Here, the trial court entered a divorce decree that contained the following provision:

5. *Agreement of the Parties*

The parties have consented to the terms of this decree and stipulated that the provisions for division of assets and liabilities are contractual.

The attorneys "approved as to form only" the divorce decree. Both Husband and Wife signed the decree directly below the words "approved and consented to as to both form and substance."[1] Nevertheless, during the hearing before the entry of the decree, Husband testified that he did not agree with the court's determination regarding the community interest in the profit-sharing-retirement-trust plan. Husband, by his objections to the trial court's characterization of the plan, did not explicitly and unmistakably give his consent to that portion of the divorce decree and did not waive his right of appeal.

### THE PROFIT–SHARING–RETIREMENT–TRUST PLAN

Husband's sole complaint is that the trial court erred by not applying the *Berry* fractional formula to distribute the profit-sharing-retirement-trust plan.

### 1. Standard of Review

■ A trial court exercises wide discretion in making an appropriate division of community property on divorce. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981). We will not disturb a trial court's division of property absent a clear showing of abuse of discretion. *Id.*; *Bell v. Bell,* 513 S.W.2d 20,

22 (Tex.1974); *Roever v. Roever,* 824 S.W.2d 674, 676 (Tex.App.—Dallas 1992, no writ).

### 2. Applicable Law

■ The trial court must apportion retirement benefits to spouses according to the value of the community interest in the benefits at the time of divorce. *Berry,* 647 S.W.2d at 947. In *Berry,* the supreme court approved the method of apportionment to determine the community interest in retirement benefits it previously set forth in *Taggart v. Taggart,* 552 S.W.2d 422, 424 (Tex. 1977) (applying a fraction to the retirement-benefit's value as of the date of divorce, the numerator of which represents the number of months the parties were married while the retirement plan was in effect, and the denominator of which represents the total number of months the employee spouse was employed under the plan). *See Berry,* 647 S.W.2d at 947; *see also Grier v. Grier,* 731 S.W.2d 931, 932 (Tex.1987); *Cearley v. Cearley,* 544 S.W.2d 661, 666 (Tex.1976); *Busby v. Busby,* 457 S.W.2d 551, 554 (Tex.1970). The *Berry* fractional apportionment of benefits governs the division of benefits, not a division of accumulated funds. *See Pelzig v. Berkebile,* 931 S.W.2d 398, 402 (Tex.App.—Corpus Christi 1996, no writ); *Hatteberg v. Hatteberg,* 933 S.W.2d 522, 531 (Tex.App.—Houston [1st Dist.] 1994, no writ); *Iglinsky v. Iglinsky,* 735 S.W.2d 536, 538 (Tex.App.— Tyler 1987, no writ).

### 3. Application of Law to Facts

■ The trial court characterized the community interest in Husband's profit-sharing-retirement-trust plan by subtracting the plan's value at the date of marriage from its value at the time of divorce. In doing so, the trial court considered as community property all contributions to and interest earned by the profit-sharing-retirement-trust plan during marriage. *See* TEX. FAM.CODE ANN. § 5.01 (Vernon 1993).

---

1. Our record showed that the words "and substance" had been struck from the line "approved and consented to as to both form and substance." Because Wife's attorney argued that the trial court's judgment contained in our record did not comport with the judgment as ren-

dered by the trial court, we obtained a certified copy of the trial court's judgment as contained in the trial court's minutes. The words "and substance" had not been struck from the certified copy.

Husband relies on *Berry* to support his position that the trial court should have used the fractional apportionment of benefits to divide his profit-sharing-retirement-trust plan. Husband misplaces his reliance. The *Berry* court partitioned noncontributory benefits paid to an employee spouse upon retirement that had neither vested at divorce nor been divided in the parties' divorce decree. *See Berry*, 647 S.W.2d at 945–46. The court developed the *Berry* formula for determining less-obvious values of future benefits.

■■■■■ Here, Husband and Wife sought to apportion the funds accumulated in a "defined-*contribution*" plan.[2] The *Berry* court applied the *Taggart* apportionment method to allocate benefits under a "defined-*benefit*" plan.[3] *See id.* Unlike a "defined-benefit" plan, the trial court can easily determine the value of a "defined-contribution" plan at any time before retirement simply by looking at the employee spouse's account.

Because we conclude the trial court did not abuse its discretion in the trial court's calculation of the community interest in Husband's profit-sharing-retirement-trust plan, we overrule Husband's sole point of error.

## DAMAGES FOR DELAY

Wife alleges that Husband appeals only to delay this case. She requests that we impose sanctions against Husband under rule 84 of the Texas Rules of Appellate Procedure.

### 1. Applicable Law

■■■■■ When we determine that an appeal is taken for delay and without sufficient cause, the rules authorize an award of damages not to exceed ten percent of the damages awarded below to appellee against appellant. Tex.R.App. P. 84. In determining whether to award delay damages, we review the record from appellant's point of view at the time he appealed to decide if reasonable grounds existed for his belief that the case should be reversed. *See Daniel v. Esmaili*, 761 S.W.2d 827, 830 (Tex.App.—Dallas 1988, no writ); *Mid–Continent Casualty Co. v. Whatley*, 742 S.W.2d 475, 479 (Tex.App.—Dallas 1987, no writ). We assess damages only if the likelihood of a favorable result was so improbable that this appeal was taken only for delay and without sufficient cause. *Daniel*, 761 S.W.2d at 830. We consider whether appellant: (1) moved for a new trial, if necessary; (2) filed a record appropriate to the appeal; (3) prosecuted the appeal in good faith by raising well-researched, arguable points of error; (4) appeared at oral argument; and (5) filed a supersedeas bond. *Id.* at 830.

### 2. Application of Law to Facts

■■■■■ Husband moved for a new trial. He filed a complete appellate record and his brief presented an arguable point of error that cited appropriate authority in support of his position. The only factor weighing for delay sanctions is Husband did not appear for oral argument. We cannot say that the likelihood of a favorable result for Husband was so improbable that this is an appeal taken for delay[4] and without sufficient cause.

---

2. Husband concedes in his brief that the profit-sharing-retirement-trust plan is a "defined-contribution" plan. Additionally, the transcript contains "statements of account" for Husband's profit-sharing-retirement-trust plan. Those statements establish this plan as a "defined-contribution" plan. An employee participating in a "defined-contribution" plan has an individual account. The employer or, more commonly, both the employer and the employee make contributions to the account. Steven R. Brown, Comment, *An Interdisciplinary Analysis of the Division of Pension Benefits in Divorce and Post–Judgment Partition Actions*, 37 BAYLOR L. REV. 107, 112–13 (1985).

3. A "defined-benefit" plan promises employees a monthly benefit beginning at retirement. A "de-

fined-benefit" plan calculates benefits by plan-specific factors, such as years of service, age, and salary. *An Interdisciplinary Analysis of the Division of Pension Benefits in Divorce and Post–Judgment Partition Actions*, 37 BAYLOR L. REV. at 115.

4. We note, however, that this Court was forced to delay this appeal when it had to twice abate the case so that the trial court could determine the party responsible for striking through the words "and substance" in the judgment made a part of our appellate record. Having the words "and substance" stricken from the judgment in this case could have only worked to the potential benefit of Husband. However, Husband's uncontradicted testimony that he did not alter the record compels us to conclude that Husband

*See, e.g., Tindle v. Jackson Nat'l Life Ins. Co.,* 837 S.W.2d 795, 802 (Tex.App.—Dallas 1992, no writ). Therefore, we deny Wife's request for delay damages.

We affirm the trial court's judgment.

presented a sufficient record in accordance with    rule 50(d).