Randy Leeper v. Patricia Woodrick

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-371-CV

RANDY LEEPER APPELLANT

V.

PATRICIA WOODRICK APPELLEE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Randy Leeper attempts to appeal a partial summary judgment order and an order denying his motion to disqualify counsel, both of which the trial court granted in Appellee Patricia Woodrick’s favor.  Following these rulings, Leeper consented to a divorce decree reflecting the rulings.
(footnote: 2)  Consequently, the primary issue we address in this appeal is whether Leeper’s consent to the divorce decree constituted a consent judgment that bars his present complaints.  For the reasons discussed below, we hold that the divorce decree is a consent judgment, and we therefore will dismiss the appeal.

Woodrick and Leeper started a horse training business in 1993.  The next year, they moved to Texas and purchased a ranch.  They then married in Texas.  The marriage failed, however, and Woodrick filed for divorce.  She claimed that both the horse training business and the ranch were her separate property, and she filed two motions seeking summary judgment on this characterization issue. Six months later, Leeper sought to have David S. Bouschor, II, one of Woodrick’s trial attorneys, disqualified. 

After a hearing, the trial court denied Leeper’s motion to disqualify.  The trial court subsequently heard Woodrick’s motions for summary judgment and granted a partial summary judgment, characterizing the business and ranch as Woodrick’s separate property.
(footnote: 3)  A couple of weeks later at the final trial setting, the parties presented a decree of divorce to the trial court, which the trial court signed. 

The decree states that Woodrick “appeared in person and through attorney of record and announced agreement for judgment.”  It recites that Leeper “appeared by written answer and by execution of this Decree of Divorce.”  The decree provides that the trial court “FINDS that: . . . (11) The parties have entered into a written agreement as contained in this Decree by virtue of having approved this Decree as to both form and substance.  To the extent permitted by law, the parties stipulate the agreement is enforceable as a contract.”  The decree confirms the horse training business and the ranch as Woodrick’s
 separate property in accordance with the prior partial summary judgment.  Finally, page nine of the decree, under the heading “decree acknowledgment,” provides that Woodrick and Leeper

acknowledge that they have voluntarily affixed their signatures to this Decree of Divorce, believing this agreement to be a just and right division of the marital debts and assets, and state that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in this Decree of Divorce. 

The decree contains no language limiting Leeper’s agreement with the terms of the decree or expressing a reservation of right of appeal.

Leeper filed his notice of appeal, stating that he intended to appeal “the Order signed on July 16, 2004,” which is the partial summary judgment.  
In two points, Leeper contends that the trial court erred and abused its discretion by granting the motion for partial summary judgment against him and by denying the motion to disqualify Woodrick’s counsel.  Woodrick’s brief includes a motion to dismiss this appeal, arguing that Leeper waived both of these alleged errors by consenting to the July 2004 decree of divorce. 

A party cannot appeal from a judgment to which it has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation.  
Baw v. Baw
, 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no writ).  A party’s consent to the trial court’s entry of judgment waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to properly present for appellate review.  
Id.
; 
Posey v. Plains Pipe Line Co.
, 39 S.W.2d 1100, 1101 (Tex. Civ. App.—Amarillo 1931, writ dism’d).

To create a consent judgment, each party must explicitly and unmistakably give its consent.  
Baw
, 
949 S.W.2d at 766.  
Consent must exist at the very moment the trial court transforms the agreement into the judgment of the court.  
Id.
; 
see also Bond v. A.H. Belo Corp., 
602 S.W.2d 105, 107 (Tex. Civ. App.—Dallas 1980, writ ref’d n.r.e.) (holding judgment that stated plaintiff “does not agree with the measure of damages that the Court is applying in this case" and "to which Judgment Plaintiff then and there in open Court duly excepted"
 
does not constitute consent judgment).  A party who approves only the form of the judgment does not forfeit the right to appeal.  
Baw
, 
949 S.W.2d at 766.
  Even the phrase “approved as to form and substance,” standing alone, does not transform a judgment into a consent judgment.  
Id.
 at 766-67; 
Chang v. Nguyen
, 81 S.W.3d 314, 316, 319 n.1 (Tex. App.—Houston [14th
 Dist.] 2001, no pet.).

Here, the partial summary judgment determined ownership of several assets, and the parties incorporated those determinations into the decree of divorce that they signed and submitted to the trial court for approval.  The decree indicates in several places, referenced above, that both parties agreed to its terms.  Both parties stipulated that the written agreement contained in the decree was enforceable as a contract.  Both parties signed the decree under the heading “approved and consented as to both substance and as to form.”  Both parties’ attorneys signed under the heading “approved as to form only”; notably, David S. Bouschor, II—the attorney whom Leeper attempted to have disqualified—signed as attorney for Woodrick.

As we previously mentioned, the decree contains no language limiting Leeper’s consent to any of the decree’s terms.  Additionally, Leeper did not appear at the final trial to object to the decree he had signed, file a motion for new trial, or file a motion to set aside the agreed decree of divorce.  
Compare Baw
, 949 S.W.2d at 767 (holding that husband did not consent to particular portion of decree because he testified that he did not agree with court’s determination regarding community interest in asset).  On appeal, Leeper has not alleged that the decree acknowledgment was false when the decree was signed or that Woodrick engaged in any type of fraud, coercion, or misrepresentation in order to obtain his agreement to the terms included in the decree of divorce.  Nor has Leeper filed a response to Woodrick’s motion to dismiss his appeal on the ground that he is appealing a consent judgment.

We hold that the divorce decree constitutes a consent judgment.  
 
See, e.g., Posey
, 39 S.W.2d at 1101.  Leeper does not allege fraud,
(footnote: 4) collusion, misrepresentation, or jurisdictional errors, and all other errors have been waived by virtue of the consent judgment; the divorce decree incorporated the terms of the partial summary judgment and was signed by the same attorney that he attempted to have disqualified.  
See
 
Baw
, 949 S.W.2d at 767.  
We grant Woodrick’s motion to dismiss the appeal.  
See Hosey v. First Nat’l Bank of Goliad
, 595 S.W.2d 629, 630 (Tex. Civ. App.—Corpus Christi 1980, writ dism’d) (dismissing appeal in case in which appellants did not allege that appellee engaged in any character of fraud or coercion to obtain their agreement to terms of settlement).

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

CAYCE, C.J. concurs without opinion.

DELIVERED: June 23, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
In this case, the notice of appeal was filed after the trial court entered a final judgment.  Consequently, the interlocutory orders merged into the final judgment and are appealable.  
See, e.g., Thompson v. Curtis
, 127 S.W.3d 446, 450 (Tex. App.—Dallas 2004, no pet.) (citing 
Webb v. Jorns
, 488 S.W.2d 407, 408-09 (Tex. 1972)).  Thus, we have jurisdiction over this appeal.

3:
The partial summary judgment makes other incidental property determinations, which Leeper does not contest on appeal.

4:
Although Leeper alleges that Woodrick defrauded him into signing particular deeds to property at issue in Woodrick’s summary judgment motion, he does not allege that he was defrauded into signing the decree of divorce.  He acknowledged in the decree that he was not signing the decree by virtue of coercion or duress.