COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-371-CV
 
  
RANDY 
LEEPER                                                                     APPELLANT
 
V.
  
PATRICIA 
WOODRICK                                                               APPELLEE
 
 
------------
 
FROM 
THE 211TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
        Appellant 
Randy Leeper attempts to appeal a partial summary judgment order and an order 
denying his motion to disqualify counsel, both of which the trial court granted 
in Appellee Patricia Woodrick’s favor.  Following these rulings, Leeper 
consented to a divorce decree reflecting the rulings.[2]   
Consequently, the primary issue we address in this appeal is whether Leeper’s 
consent to the divorce decree constituted a consent judgment that bars his 
present complaints. For the reasons discussed below, we hold that the divorce 
decree is a consent judgment, and we therefore will dismiss the appeal.
        Woodrick 
and Leeper started a horse training business in 1993. The next year, they moved 
to Texas and purchased a ranch. They then married in Texas. The marriage failed, 
however, and Woodrick filed for divorce. She claimed that both the horse 
training business and the ranch were her separate property, and she filed two 
motions seeking summary judgment on this characterization issue. Six months 
later, Leeper sought to have David S. Bouschor, II, one of Woodrick’s trial 
attorneys, disqualified.
        After 
a hearing, the trial court denied Leeper’s motion to disqualify. The trial 
court subsequently heard Woodrick’s motions for summary judgment and granted a 
partial summary judgment, characterizing the business and ranch as Woodrick’s 
separate property.[3]  A couple of weeks later at 
the final trial setting, the parties presented a decree of divorce to the trial 
court, which the trial court signed.
        The 
decree states that Woodrick “appeared in person and through attorney of record 
and announced agreement for judgment.”  It recites that Leeper 
“appeared by written answer and by execution of this Decree of 
Divorce.”  The decree provides that the trial court “FINDS that: . . . 
(11) The parties have entered into a written agreement as contained in this 
Decree by virtue of having approved this Decree as to both form and 
substance.  To the extent permitted by law, the parties stipulate the 
agreement is enforceable as a contract.”  The decree confirms the horse 
training business and the ranch as Woodrick’s separate property in accordance 
with the prior partial summary judgment.  Finally, page nine of the decree, 
under the heading “decree acknowledgment,” provides that Woodrick and Leeper
  
acknowledge that they have voluntarily affixed their signatures to this Decree 
of Divorce, believing this agreement to be a just and right division of the 
marital debts and assets, and state that they have not signed by virtue of any 
coercion, any duress, or any agreement other than those specifically set forth 
in this Decree of Divorce.
 
The 
decree contains no language limiting Leeper’s agreement with the terms of the 
decree or expressing a reservation of right of appeal.
        Leeper 
filed his notice of appeal, stating that he intended to appeal “the Order 
signed on July 16, 2004,” which is the partial summary judgment.  In two 
points, Leeper contends that the trial court erred and abused its discretion by 
granting the motion for partial summary judgment against him and by denying the 
motion to disqualify Woodrick’s counsel.  Woodrick’s brief includes a 
motion to dismiss this appeal, arguing that Leeper waived both of these alleged 
errors by consenting to the July 2004 decree of divorce.
        A 
party cannot appeal from a judgment to which it has consented or agreed absent 
an allegation and proof of fraud, collusion, or misrepresentation.  Baw 
v. Baw, 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no writ).  A 
party’s consent to the trial court’s entry of judgment waives any error, 
except for jurisdictional error, contained in the judgment, and that party has 
nothing to properly present for appellate review.  Id.; Posey v. 
Plains Pipe Line Co., 39 S.W.2d 1100, 1101 (Tex. Civ. App.—Amarillo 1931, 
writ dism’d).
        To 
create a consent judgment, each party must explicitly and unmistakably give its 
consent.  Baw, 949 S.W.2d at 766.  Consent must exist at the 
very moment the trial court transforms the agreement into the judgment of the 
court. Id.; see also Bond v. A.H. Belo Corp., 602 S.W.2d 105, 107 
(Tex. Civ. App.—Dallas 1980, writ ref’d n.r.e.) (holding judgment that 
stated plaintiff “does not agree with the measure of damages that the Court is 
applying in this case" and "to which Judgment Plaintiff then and there 
in open Court duly excepted" does not constitute consent judgment).  A 
party who approves only the form of the judgment does not forfeit the right to 
appeal.  Baw, 949 S.W.2d at 766.  Even the phrase “approved 
as to form and substance,” standing alone, does not transform a judgment into 
a consent judgment.  Id. at 766-67; Chang v. Nguyen, 81 
S.W.3d 314, 316, 319 n.1 (Tex. App.—Houston [14th Dist.] 2001, no pet.).
        Here, 
the partial summary judgment determined ownership of several assets, and the 
parties incorporated those determinations into the decree of divorce that they 
signed and submitted to the trial court for approval.  The decree indicates 
in several places, referenced above, that both parties agreed to its 
terms.  Both parties stipulated that the written agreement contained in the 
decree was enforceable as a contract.  Both parties signed the decree under 
the heading “approved and consented as to both substance and as to 
form.”  Both parties’ attorneys signed under the heading “approved as 
to form only”; notably, David S. Bouschor, II—the attorney whom Leeper 
attempted to have disqualified—signed as attorney for Woodrick.
        As 
we previously mentioned, the decree contains no language limiting Leeper’s 
consent to any of the decree’s terms.  Additionally, Leeper did not 
appear at the final trial to object to the decree he had signed, file a motion 
for new trial, or file a motion to set aside the agreed decree of divorce.  
Compare Baw, 949 S.W.2d at 767 (holding that husband did not consent to 
particular portion of decree because he testified that he did not agree with 
court’s determination regarding community interest in asset).  On appeal, 
Leeper has not alleged that the decree acknowledgment was false when the decree 
was signed or that Woodrick engaged in any type of fraud, coercion, or 
misrepresentation in order to obtain his agreement to the terms included in the 
decree of divorce.  Nor has Leeper filed a response to Woodrick’s motion 
to dismiss his appeal on the ground that he is appealing a consent judgment.
        We 
hold that the divorce decree constitutes a consent judgment.  See, e.g., 
Posey, 39 S.W.2d at 1101.  Leeper does not allege fraud,[4] collusion, misrepresentation, or jurisdictional errors, 
and all other errors have been waived by virtue of the consent judgment; the 
divorce decree incorporated the terms of the partial summary judgment and was 
signed by the same attorney that he attempted to have disqualified.  See 
Baw, 949 S.W.2d at 767.  We grant Woodrick’s motion to dismiss the 
appeal. See Hosey v. First Nat’l Bank of Goliad, 595 S.W.2d 629, 630 
(Tex. Civ. App.—Corpus Christi 1980, writ dism’d) (dismissing appeal in case 
in which appellants did not allege that appellee engaged in any character of 
fraud or coercion to obtain their agreement to terms of settlement).
   
   
                                                          SUE 
WALKER
                                                          JUSTICE
  
  
  
PANEL 
A:   CAYCE, C.J.; GARDNER and WALKER, JJ.
 
CAYCE, 
C.J. concurs without opinion.
 
DELIVERED: 
June 23, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
In this case, the notice of appeal was filed after the trial court entered a 
final judgment. Consequently, the interlocutory orders merged into the final 
judgment and are appealable.  See, e.g., Thompson v. Curtis, 127 
S.W.3d 446, 450 (Tex. App.—Dallas 2004, no pet.) (citing Webb v. Jorns, 
488 S.W.2d 407, 408-09 (Tex. 1972)).  Thus, we have jurisdiction over this 
appeal.
3.  
The partial summary judgment makes other incidental property determinations, 
which Leeper does not contest on appeal.
4.  
Although Leeper alleges that Woodrick defrauded him into signing particular 
deeds to property at issue in Woodrick’s summary judgment motion, he does not 
allege that he was defrauded into signing the decree of divorce.  He 
acknowledged in the decree that he was not signing the decree by virtue of 
coercion or duress.