

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00059-CV

_____

STEPHANIE SANFORD, DONALD BOWDY AND ALL OCCUPANTS, Appellants

V.

DC2 HOLDINGS, LTD., Appellee

On Appeal from the County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2018-002032-1

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Stephanie Sanford appeals from the trial court's June 15, 2018, agreed judgment.[1] The agreed judgment recites that "[b]oth sides announced in open court that an agreement between the parties had been reached to enter judgment." The judgment then set out the terms of the agreement, as represented to the court by the parties. The judgment further states, "Defendant waives her right to appeal this judgment."

"A party cannot appeal from a judgment to which [she] has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation." *Leeper v. Woodrick*, No. 2-04-371-CV, 2005 WL 1475614, at \*2 (Tex. App.—Fort Worth June 23, 2005, no pet.) (mem. op.) (citing *Baw v. Baw*, 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no writ)). "A party's consent to the trial court's entry of judgment waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to properly present for appellate review." *Id.* (citing *Posey v. Plains Pipe Line Co.*, 39 S.W.2d 1100, 1101 (Tex. Civ. App.—Amarillo 1931, writ dism'd)). If a party wishes to repudiate an agreement, she must do so before the rendition of judgment. *See Giles v. Giles*, 830 S.W.2d 232, 237 (Tex. App.—Fort Worth 1992, no writ). Further, as part of the agreement, Sanford waived her right to appeal the trial court's judgment.

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

By letter dated August 3, 2018, we informed Sanford of this potential defect in our jurisdiction and afforded her the opportunity to demonstrate proper grounds for our retention of the appeal. Sanford did not file a response to our letter.

Considering the foregoing, we dismiss this appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:     September 11, 2018
Date Decided:      September 12, 2018