

# NUMBER 13-22-00591-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE M.G.G., A CHILD

---

### On appeal from the 197th District Court
### of Willacy County, Texas.

---

# OPINION

### Before Justices Tijerina, Silva, and Peña
### Opinion by Justice Silva

Appellants Carolina and Gerardo appeal the trial court's order appointing appellee Maria as Marissa's possessory conservator.[1] By two issues, appellants argue (1) that Maria, Marissa's sister, lacked standing to seek possession of or access to Marissa, and (2) the trial court abused its discretion by failing to apply the fit-parent presumption when

---

[1] We refer to the parties and children by aliases in accordance with the rules of appellate procedure. *See* TEX. R. APP. P. 9.8(b)(2), cmt.

appointing Maria as Marissa's possessory conservator.[2] We affirm.

## I. BACKGROUND

On July 1, 2021, Maria filed a petition titled "Original Petition for Sibling Access." The petition alleged that appellants were Marissa's paternal grandparents and managing conservators. Maria alleged that she had standing to bring the suit under the Texas Family Code's general standing provision because she and Marissa are related within the third degree of consanguinity and both of Marissa's parents had passed away. *See* TEX. FAM. CODE ANN. § 102.003(a)(13). Maria sought possession of or access to Marissa "at the times and under the condition[s] that are determined to be in the best interest of the child."

Appellants filed a motion to dismiss Maria's petition for lack of standing, arguing that the sibling access provisions of the family code did not apply. *See id.* §§ 102.0045 (standing for sibling access), 153.551 (providing access by siblings who have been separated by the Texas Department of Family and Protective Services (DFPS)). Appellants further contended that Maria's reliance on § 102.003(a)(13) was misplaced because it "is the statutory standing in a suit for conservatorship of a child whose parents are deceased," whereas the sibling access statutes "clearly state that an individual has standing to file a petition for access of a sibling only if the siblings were separated by DFPS action, which did not occur herein." Appellants subsequently argued that Maria's petition was moot because they filed a petition for adoption of Marissa.

Maria responded to appellants' motion to dismiss, arguing that she is relying solely on the general standing provision of § 102.003(a)(13), which provides standing for "a

---

[2] Maria did not file a brief to assist in the resolution of this appeal.

2

person who is a relative of the child within the third degree by consanguinity . . . if the child's parents are deceased at the time of the filing of the petition." *Id.* § 102.003(a)(13). Maria averred that the sibling access provisions are in addition to, not a replacement of, the general standing provision, so she is not limited to seeking possession or access in those circumstances. Maria also disputed appellants' claim that her petition was moot by pointing out the adoption had not yet been granted.

The trial court heard appellants' motion to dismiss on June 9, 2022, ultimately denying it. On August 17, 2022, the trial court held a combined hearing for Maria's petition for access and appellants' petition to adopt Marissa. Initially, the parties announced that they did not have an agreement regarding Maria's petition for access and that Maria objected to appellants' adoption of Marissa. Marissa's two attorneys ad litem, one appointed for each case, expressed their opinions that visitation between Maria and Marissa was in Marissa's best interest. The trial court explained that it was reluctant to grant the adoption without an agreement for Maria to visit Marissa and encouraged the parties to attempt to reach a suitable resolution. After a recess, the parties announced that they had reached an agreement. The agreement, by and large, was that appellants would adopt Marissa, and Maria would be appointed as Marissa's possessory conservator with a possession schedule similar to a standard possession order. The trial court approved the parties' agreement, granted the adoption, and signed the order appointing Maria as a possessory conservator with a modified possession order. Appellants appeal the order appointing Maria as a possessory conservator.

3

## II. STANDING

By their first issue, appellants argue that Maria lacked standing to seek conservatorship, possession, or access to Marissa. Appellants argue the following on two standing provisions of the family code govern this case: general standing for persons who have exercised actual care, control, and custody of a child for at least six months, *see id.* § 102.003(a)(9), and the special provisions for sibling access where the child was removed by DFPS. *See id.* §§ 102.0045, 153.551.

### A. Standard of Review and Applicable Law

"Standing, like other issues implicating a court's subject matter jurisdiction, is a question of law that we review de novo." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). "In evaluating standing, we construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties." *Id.* Standing to bring a suit affecting the parent-child relationship (SAPCR) is governed by statute; accordingly, "we apply statutory-interpretation principles in determining whether a plaintiff falls within the category of persons upon whom such standing has been conferred." *Id.* Those principles direct us to presume the legislature's intent is reflected in the words of a statute and give those words their fair meaning. *Id.* We analyze statutes as a whole, rather than in isolation, and accept "that lawmaker-authors chose their words carefully, both in what they included and in what they excluded." *Id.* (quoting *Sommers v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 754 (Tex. 2017)). "A party's standing is determined at the time suit is filed . . . ." *Hydroscience Techs., Inc. v. Hydroscience, Inc.*, 401 S.W.3d 783, 789 (Tex. App.—Dallas 2013, pet. denied).

Section 102.003(a)(13) provides that "[a]n original suit may be filed at any time by a person who is a relative of the child within the third degree by consanguinity, as determined by Chapter 573, Government Code, if the child's parents are deceased at the time of the filing of the petition." TEX. FAM. CODE ANN. § 102.003(a)(13). Siblings are related by the second degree of consanguinity. TEX. GOV'T CODE ANN. § 573.023(c)(2). A modification to a SAPCR may be filed in a court of continuing jurisdiction by any person who has standing under Chapter 102 of the family code. TEX. FAM. CODE ANN. § 156.002(b). Chapter 153 of the family code allows a nonparent to be appointed as either a managing or possessory conservator. *Id.* §§ 153.371–.377.

The family code further provides grandparents, aunts, uncles, and siblings possession of or access to children. *Id.* §§ 153.431–.434 (rights of grandparents, aunts, and uncles); *id.* § 153.551 (rights of siblings). However, the legislature limited the rights of grandparents to seek possession of or access to a grandchild where each of the child's parents are deceased. *Id.* § 153.434(1). No such limitation is found for sibling possession or access. *Id.* § 153.551.

## B.    Analysis

Whether Maria possessed standing under § 102.003(a)(13) to seek possession of or access to Marissa presents a matter of first impression for this Court.[3] According to appellants, because Maria's petition requested only possession of or access to Marissa, she could only possess standing under §§ 102.0045 and 153.551. Appellants assert that

---

[3] It is undisputed that both of Marissa's biological parents were deceased when Maria filed her petition.

the general standing provisions apply only to petitions for conservatorship, not possession and access, but appellants do not provide us with authority for such a proposition. Furthermore, we find no such limiting language in § 102.003. *See* TEX. FAM. CODE ANN. § 102.003; *In re H.S.*, 550 S.W.3d at 155. Rather, § 102.003 permits a party to file "an original suit" affecting the parent-child relationship, not merely "an original suit for conservatorship." *See* TEX. FAM. CODE ANN. § 102.003; *In re H.S.*, 550 S.W.3d at 155; *see also In Interest of C.D.M.*, No. 11-15-00319-CV, 2016 WL 5853261, at *3 (Tex. App.— Eastland Oct. 6, 2016, no pet.) (mem. op.) ("The Family Code defines a 'suit affecting the parent-child relationship' as 'a suit filed as provided by this title in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is requested.'" (citing TEX. FAM. CODE ANN. § 101.032(a))). Under appellants' interpretation of the standing provisions, Maria would have standing to seek conservatorship over Marissa—greater relief—but not possession of or access to—lesser relief. As a conservator, not only would Maria be permitted possession of and access to Marissa but would also be entitled to certain rights and duties that she would not with mere possession and access. *See* TEX. FAM. CODE ANN. §§ 153.376, 153.377.

Although the legislature provided for a specific avenue for siblings to seek access when separated by DFPS action, nothing in the family code suggests that the legislature intended that this be the only circumstance in which a sibling may do so. The legislature did not otherwise place limitations on a sibling seeking possession or access when a child's parents are deceased. *See In re H.S.,* 550 S.W.3d at 155. *Compare* TEX. FAM.

6

CODE ANN. § 153.551 (sibling access) *with id.* § 153.432 (suit for possession or access by a grandparent), and *id.* § 153.434 (limitation on right of grandparent to request possession of access). It seems antithetical to the legislature's intent in enacting § 102.003(a)(13) to conclude that a sibling would be able to seek possession and access when separated by DFPS action but not when the child's parents are deceased. S*ee* TEX. FAM. CODE ANN. § 102.003(a)(13) (standing where both parents are deceased), *id.* § 153.002 ("The best interest of the child shall always be the primary consideration of the court in determining the issues of conservatorship and possession of and access to the child."); *In re H.S.*, 550 S.W.3d at 155.

Appellants further argue that Maria could not seek possessory conservatorship of Marissa because she did not have actual care, control, or custody of Marissa for at least six months. *See* TEX. FAM. CODE ANN. § 102.003(a)(9). However, appellants' reliance on § 102.003(a)(9) is misplaced—the general standing statute provides standing to persons other than parents in a variety of circumstances, not just when they have had actual care, control, and custody of a child for at least six months. *See id.* § 102.003(a), (a)(9). Thus, appellants are mistaken in their argument that Maria could not seek possessory conservatorship of Marissa unless she exercised actual care, control, and possession of her because she did not seek possession of and access to Marissa under that provision. *See In re H.S.*, 550 S.W.3d at 155. Maria sought possession and access pursuant to § 102.003(a)(13) as a relative within the third degree of consanguinity. *See* TEX. FAM. CODE ANN. § 102.003(a)(13). Because the legislature expressly created general standing for persons within the third degree of consanguinity when both of the child's parents are

deceased, we conclude that Maria has standing to seek possession of and access to Marissa. *See id.* § 102.003(a)(13); *In re H.S.*, 550 S.W.3d at 155. Appellants' first issue is overruled.

### III.    FIT-PARENT PRESUMPTION

By their second issue, appellants argue that the trial court erred by failing to apply the fit-parent presumption to them when appointing Maria as Marissa's possessory conservator.

### A.    Standard of Review and Applicable Law

The fit-parent presumption is a Constitutional protection of a parent's fundamental right to make decisions concerning the care, custody, and control of their child. *In re C.J.C.*, 603 S.W.3d 804, 811 (Tex. 2020) (citing *Troxel v. Granville*, 530 U.S. 57, 66 (2000) (plurality opinion)); *see* TEX. FAM. CODE ANN. § 153.131(b) (creating "a rebuttable presumption that the appointment of the parents of a child as joint managing conservators is in the best interest of the child"). "Accordingly, 'the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder.'" *In re C.J.C.*, 603 S.W.3d at 812 (quoting *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)). In other words, absent a showing that a parent is unfit, a court may not enter an order interfering with that parent's right to care, control, or custody of their child in favor of a nonparent. *See id.* at 811–14.

"An order of adoption creates the parent-child relationship between the adoptive parent and the child for all purposes." TEX. FAM. CODE ANN. § 162.017(a). This includes the benefit of the fit-parent presumption. *In re J.M.T.*, 280 S.W.3d 490, 491–92 (Tex.

8

App.—Eastland 2009, no pet.).

**B.    Analysis**

Appellants first argue that the trial court sua sponte converted Maria's petition to a petition for possessory conservatorship instead of a petition for possession and access. However, we see no such action by the trial court. Rather, after the trial court explained that it was reluctant to grant appellants' petition to adopt if it meant Maria would not have visits with Marissa, the *parties* created the agreement that Maria would be a possessory conservator—not the trial court. The trial court merely approved the parties' agreement. Moreover, the issue of Maria's conservatorship over Marissa was tried by consent. *See* TEX. R. CIV. P. 67 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *Bos v. Smith*, 556 S.W.3d 293, 307 (Tex. 2018) ("We must examine the record not for evidence of the issue, but rather for evidence of *trial* of the issue.").

At trial, the following colloquy occurred between one of Marissa's attorneys ad litem and appellants:

[Attorney]:    Okay. And you understand that the agreement set today is that [Maria] is going to be a non[]parent conservator, correct?

[Carolina]:    Yes, ma'am.

[Attorney]:    Okay. You understand that that means that you'll have nine more rights than she does which means that you'll have the sole right when it comes to education, doctors, psychological, whether or not the child can get married, what happens if the child should become a rapper and make money, guardianship, all that stuff. You guys are the sole. You understand, correct?

9

[Carolina]: Yes, ma'am.

[Attorney]: Okay. What she has the right to is that she has—one of the basic rights is right of possession [and] access which is what we normally call visitation. Do you understand?

[Carolina]: Yes, ma'am.

. . . .

[Attorney]: . . . . You understand that even after the adoption goes through and you are technically the parents, because she's still—because she has that possession [and] access right, visitation, if you want to take it away from her, you have to go to this court and prove that there is a significant reason to take it away. Do you understand that?

[Carolina]: Yes, ma'am.

[Attorney]: Okay. It can't be just because you don't want it anymore. Do you understand?

[Carolina]: Yes, ma'am.

[Attorney]: Okay. Knowing all that, you're still asking this court to take the agreement?

[Carolina]: Yes, ma'am.

[Attorney]: Okay. [Gerardo], you heard everything I just put on the record?

[Gerardo]: I'll go along with [Carolina].

It is clear from the record that appellants consented to try Maria's appointment as Marissa's possessory conservator. *See Bos*, 556 S.W.3d at 307.

As to appellants' specific claim that the trial court erred by failing to apply the fit-parent presumption, the trial court's error, if any, is waived because appellants consented to the judgment. *See Baw v. Baw*, 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no writ) ("A party's consent to the trial court's entry of judgment waives any error, except for

jurisdictional error, contained in the judgment, and that party has nothing to properly present for appellate review."); *see also In re J.Z.B.*, No. 05-18-00887-CV, 2019 WL 1486913, at *1, *4 (Tex. App.—Dallas Apr. 4, 2019, no pet.) (mem. op.) (applying consent doctrine to agreed SAPCR modification where agreement was read into the record). "The determinative issue in this case is whether consent to the judgment existed at the time the judgment was rendered." *Sohocki v. Sohocki*, 897 S.W.2d 422, 424 (Tex. App.—Corpus Christi–Edinburg 1995, no writ). Here, the parties clearly testified to their agreement on the record and appellants never withdrew their consent to the agreement. *See Baw*, 949 S.W.2d at 766; *In re J.Z.B.*, 2019 WL 1486913, at *4. Accordingly, appellants are barred from raising a complaint on appeal. *See Baw*, 949 S.W.2d at 766; *In re J.Z.B.*, 2019 WL 1486913, at *4. Appellants' second issue is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
20th day of July, 2023.