

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00269-CV

_____

KELLY L. KING, Appellant

V.

UNITED GUARANTY RESIDENTIAL INSURANCE COMPANY, Appellee

On Appeal from County Court at Law No. 3
Tarrant County, Texas
Trial Court No. 2023-006452-3

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellant Kelly L. King, proceeding pro se, appeals the trial court's Stipulated Agreed Judgment. Appellee United Guaranty Residential Insurance Company has filed a motion to dismiss this appeal because Appellant agreed to the judgment. She did, so we will.

"A party cannot appeal from a judgment to which [she] has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation." *Leeper v. Woodrick*, No. 2-04-371-CV, 2005 WL 1475614, at *2 (Tex. App.—Fort Worth June 23, 2005, no pet.) (mem. op.) (citing *Baw v. Baw*, 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no writ)). "A party's consent to the trial court's entry of judgment waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to properly present for appellate review." *Id.* (first citing *Baw*, 949 S.W.2d at 766; and then citing *Posey v. Plains Pipe Line Co.*, 39 S.W.2d 1100, 1101 (Tex. Civ. App.—Amarillo 1931, writ dism'd)). If a party wishes to repudiate an agreement, she must do so before the rendition of judgment. *See Giles v. Giles*, 830 S.W.2d 232, 237 (Tex. App.—Fort Worth 1992, no writ).

Here, the Stipulated Agreed Judgment states that the parties "agreed to enter a Stipulated Agreed Judgment in conjunction with the Settlement Agreement, and in partial consideration of same, [Appellant] ha[s] agreed that [Appellee] is entitled to the entry of this Stipulated Agreed Judgment." Appellant further agreed that she had read the Stipulated Final Judgment, "fully underst[ood] its content and effect," and agreed

to its "entry . . . after having been provided an opportunity to consult with an attorney of [her] choosing." The judgment then set out the terms of the parties' agreement that they had represented to the trial court. Appellant signed the agreed judgment below the words "APPROVED AND AGREED AS TO FORM AND SUBSTANCE."

Appellant did not respond to Appellee's motion to dismiss. In her brief, Appellant does not complain of fraud, collusion, misrepresentation, or jurisdictional error in the agreed judgment. She thus has "nothing to properly present for appellate review." *See Leeper*, 2005 WL 1475614, at *2. Accordingly, we grant Appellee's motion and dismiss this appeal. *See* Tex. R. App. P. 42.3(a); 43.2(f); *Reule v. Sherwood Valley I Council of Co-Owners, Inc.*, No. 01-17-00593-CV, 2019 WL 4196898, at *3 (Tex. App.—Houston [1st Dist.] Sept. 5, 2019, no pet.) (mem. op.); *Sanford v. DC2 Holdings, LTD.*, No. 06-18-00059-CV, 2018 WL 4344063, at *1 (Tex. App.—Texarkana Sept. 12, 2018, no pet.) (mem. op.); *Leeper*, 2005 WL 1475614, at *2.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: October 16, 2025

3