# Court of Appeals
## Tenth Appellate District of Texas

### 10-25-00159-CV

In the Matter of the Marriage of Brian Keith Rinehart and Leslie Allison Rinehart and In the Interest of M.K.R., a Child

On appeal from the
414th District Court of McLennan County, Texas
Judge Ryan Luna, presiding
Trial Court Cause No. 2025-339-5

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Brian Keith Rinehart, acting pro se, appeals from a Final Decree of Divorce. In three issues, Rinehart contends the child support order is unjust and unworkable, and the trial court erred in its determination of the amount of child support he must pay and in ordering him to maintain private health insurance for the child. We affirm.

Leslie Allison Rinehart, acting pro se, filed her Original Petition for Divorce on a form printed by TexasLawHelp.org. Brian filed a pro se answer dated February 25, 2025 in which he stated:

> I have given Leslie Allison Rinehart child support since I left in August. I also want standard visitation like I have with my other kids. I agree on everything else except she has my moms speaker and computer I need back.

Brian later filed a document entitled "Withdraw of Pro Se Response to Cause # 2025-339-5." It states, "I, Brian Keith Rinehart, hereby withdraw my pro se response dated 2/25/25. Leslie Rinehart and I have agreed to the terms of the final divorce decree we've both signed." This document is signed by Brian and dated March 28, 2025.

The Final Decree of Divorce is also on a form provided by TexasLawHelp.org. It states that a hearing took place on April 24, 2025 at which Leslie was present. The form indicates that Brian "was not present but filed an Answer or Waiver of Service and has signed this Decree, agreeing to its terms." Both Leslie and Brian signed the decree on March 28, 2025, each agreeing "to the form and substance of this Order." The divorce decree was signed by the trial judge on April 24, 2025.

A party cannot appeal from a judgment to which it has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation. *Baw v. Baw*, 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no writ). Thus, a party's consent to the trial court's entry of judgment waives any error in the judgment, except for jurisdictional error. *Id.* To have a valid consent

judgment, each party must explicitly and unmistakably give its consent. *Id.* The phrase "approved as to form and substance" standing alone does not transform a judgment into a consent judgment. *Id.* Rather, either the body of the judgment itself or the record must indicate that the parties came to some agreement as to the case's disposition. *Perez v. Williams*, 474 S.W.3d 408, 414 n.2 (Tex. App.—Houston [1st Dist.] 2015, no pet).

Here, the body of the divorce decree indicates that the parties agreed on the terms, the substance, and the form of the decree. Further, Brian signed a separate document the same day he signed the decree stating that he agreed to the terms of the decree. In his brief on appeal, Brian has not asserted that his consent was obtained by fraud, collusion, or misrepresentation. Accordingly, Brian has waived the issues he raised on appeal. *See Baw*, 949 S.W.2d at 766. We overrule Brian's first, second, and third issues.

We affirm the trial court's judgment.

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  January 8, 2026

Before Chief Justice Johnson,
 Justice Smith, and
 Justice Harris
Affirm
CV06

