*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

# OPINION

No. 04-08-00141-CV

Todd A. **DURDEN**,
Appellant

v.

Melissa **MCCLURE**,
Appellee

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 2005-06-24,690-CV
Honorable James M. Simmonds, Judge Presiding[1]

Opinion by:    Sandee Bryan Marion, Justice

Sitting:        Alma L. López, Chief Justice
                Catherine Stone, Justice
                Sandee Bryan Marion, Justice

Delivered and Filed:   November 19, 2008

REVERSED AND RENDERED IN PART; AND REMANDED

    In this appeal, we consider whether the trial court erred in declaring a provision in the parties'

divorce decree that allocated federal tax exemptions was void. Because we conclude the trial court

erred, we reverse and render in part and remand for further proceedings.

---

[1] The Honorable Mickey R. Pennington is the presiding judge of the 38th Judicial District Court, Uvalde County. However, the Honorable James M. Simmonds signed the orders at issue in this appeal.

**BACKGROUND**

On August 18, 2005, the trial court signed an Agreed Final Decree of Divorce, which contained the following provision pertinent to tax exemptions relative to the couple's three children:

> The parties agree and IT IS ORDERED that [Todd] shall claim two of the children as a [sic] dependent [sic] for income tax purposes for odd-numbered tax years (2005, 2007, etc.) and that [Melissa] shall claim the remaining child(ren), if any, as dependents in the same odd years, and likewise, [Melissa] shall claim two of the children as dependents for income tax purposes for even-numbered tax years (2006, 2008, etc.) and that [Todd] shall claim the remaining child(ren), if any, as dependents in the same even years, and that the child(ren) for which the parent claims [a] dependency exemption shall be considered as living with that parent for such year. The parties agree to exchange IRS forms in this regard upon reasonable request to do so, and in no event later than April 1st of each year.

The Agreed Final Decree also provided, in a section entitled "Jurisdiction and Domicile," the following: "The parties stipulate that the provisions contained herein are part of a Court Order, and are not contractual."

In 2007, Todd received a $5,518 refund from the IRS, which he believed should be equally divided between the parties. When Melissa demanded the entire amount of the refund, Todd deposited the refund into the registry of the court. Melissa filed a Petition for Enforcement of Property Division, in which she claimed the $5,518 should be credited in full against her 2005 tax liability. Todd answered and counter-claimed that the $5,518 refund was an overpayment on the 2004 taxes and, therefore, the parties should share equally in the refund. Todd moved for summary judgment on two grounds: (1) the parties had overpaid their 2004 federal income taxes and the divorce decree specifically provided that the refund be divided equally between the parties ("the tax refund issue"), and (2) he and Melissa's agreement regarding sharing the tax exemption should be enforced as written ("the tax exemption sharing issue"). According to Todd, the decree constituted a written agreement concerning the division of property and liabilities, agreements regarding tax

exemptions are not barred by federal law, and such agreements are binding on the parties. Melissa responded by filing several motions

In her response to Todd's motion for summary judgment, Melissa asserted the overpayment should have been credited to her 2005 tax liability. Melissa also argued the divorce decree was not contractual in nature, but instead, was an order of the trial court. According to her, federal law allows parties to enter into *agreements* where the parent entitled to an exemption voluntarily releases it as part of a binding agreement to the other parent; however, federal law does not allow a trial court to *order* such a relinquishment. Therefore, Melissa argued the divorce decree was void to the extent it violated federal tax law by *ordering* her to relinquish her entitlement to the tax exemptions. In her motion for clarification of the divorce decree, Melissa again argued a state court does not have the authority to allocate tax exemptions and she asked the trial court to clarify the divorce decree, although she did not specify the manner in which the decree should be clarified. Finally, in her motion to dismiss, Melissa asked the trial court to dismiss Todd's enforcement action on the same grounds presented in her other motions: the trial court's lack of authority to allocate dependency exemptions.

The trial court held a hearing on all motions, following which it signed a Final Order that granted Todd's motion for summary judgment "as to the tax refund issue" and ordered that Todd and Melissa each owned one-half of the tax refund on deposit with the court's registry.[2] However, the court also stated it did "not grant summary judgment on the tax exemption sharing issue . . . ." Finally, the court denied all further relief "except as to the Order Granting Motion for Clarification

---

[2] No appeal has been taken from this determination.

of Divorce Decree and the Order Granting Motion to Dismiss," which the trial court signed concurrently with its Final Order. In its clarification order, the trial court found that the above-quoted tax provision was void and that the provisions of the divorce decree were part of a court order and not contractual. Accordingly, the trial court clarified the terms of the decree as follows: "by voiding those terms found on page 9 of said decree [the above-quoted tax provision] which purports to allocate tax exemptions between the parties. Since this Court did not have the jurisdiction and authority to make such an order, this Court does not have the authority or jurisdiction to enforce any such order. . . . [T]he terms of the decree regarding exemptions is hereby void and of no effect . . . ." In its dismissal order, the trial court dismissed "the portion of the suit" between the parties "regarding tax exemptions . . . ."

On appeal, Todd asserts the trial court erred by denying that portion of his summary judgment on "the tax exemption sharing issue" and entering its clarification order and dismissal order because Melissa's motions were a collateral attack on the divorce decree and the court did not commit voidable error when it originally approved the decree.

## TAX EXEMPTION

A trial court exceeds its authority when it orders a custodial parent "to release a dependency exemption allocated to her by the federal government" and awards the exemption to the noncustodial parent. *In the Int. of C.C.N.S.*, 955 S.W.2d 448, 451 (Tex. App.—Fort Worth 1997, no pet.). As a general rule, a custodial parent is allowed a federal tax exemption for dependents. *See* 26 U.S.C.A. § 151(c); *see also id.* § 152(a)(1) (defining "dependent"). One of the exceptions to the general rule is: "Notwithstanding subsection (c)(1)(B) . . . if . . . a child receives over one-half of the child's support during the calendar year from the child's parents . . . who are divorced . . . and . . . such child is in the custody of 1 or both of the child's parents for more than one-half of the calendar year, such

-4-

child shall be treated as being the qualifying child . . . of the noncustodial parent for a calendar year if the requirements described in paragraph (2) or (3) are met." *Id.* § 152(c)(1). Only paragraph (2) applies here, and that paragraph provides that "[f]or purposes of paragraph (1), the requirements described in this paragraph are met with respect to any calendar year if – (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year." *Id.* § 152(c)(2). Thus, the Tax Code allows a parent, who is otherwise entitled to an exemption, to voluntarily relinquish that exemption. *Id.* The tax provision contained in the divorce decree here requires Melissa to relinquish the exemption by signing the written declaration allowing Todd to claim the exemption in odd-numbered years.

Central to Todd's arguments on appeal is his contention that the divorce decree is a consent judgment. Melissa counters that the decree is not a consent judgment, and she relies on a single sentence in the decree: "The parties stipulate that the provisions contained herein are part of a Court Order, and are not contractual." Therefore, Melissa argues that because the decree is not a consent judgment, the trial court did not have the authority to award tax exemptions, its order regarding the tax exemptions is void, and a void judgment is subject to collateral attack. Thus, the threshold issue before this court is whether the divorce decree is an agreement between the parties. If the decree was a consent judgment, the tax provision did not violate federal tax law. *In the Int. of C.C.N.S.*, 955 S.W.2d at 451 n.12 ("Of course, our holding does not restrict the trial court from entering such orders in a case where the parent entitled to the exemption voluntarily releases it as part of a binding agreement with the other parent.").

**CONSENT JUDGMENT**

The divorce decree is entitled "Agreed Final Decree of Divorce," although it does not specifically state that an agreement between the parties has been incorporated into the decree. Both parties signed the decree, approving it as to both form and substance. However, the presence of a party's signature approving the decree does not render the decree an agreed or consent judgment. *Soto v. Soto*, 936 S.W.2d 338, 342 (Tex. App.—El Paso 1996, no writ); *Haworth v. Haworth*, 795 S.W.2d 296, 298 (Tex. App.—Houston [14th Dist.] 1990, no writ). Also, the phrase "approved as to form and substance," standing alone, is insufficient to establish an agreed judgment. *Oryx Energy Co. v. Union Nat'l Bank*, 895 S.W.2d 409, 417 (Tex. App.—San Antonio 1995, writ denied). Nevertheless, the phrase may describe an agreed judgment when coupled with additional recitations in the judgment. *See, e.g., Oryx Energy*, 895 S.W.2d at 416; *First American Title Ins. Co. v. Adams*, 829 S.W.2d 356, 364 (Tex. App.—Corpus Christi 1992, writ denied).

All of the decretal paragraphs begin with a sentence that includes the words "it is ordered." However, the trial court's use of the word "order" is not alone dispositive. *McCollough v. McCollough*, 212 S.W.3d 638, 647 (Tex. App.—Austin 2006, no pet.) (court disagreed with husband's argument that, because the trial court ordered the parties to do all things necessary to effectuate the agreement, this decretal language transformed the contractual alimony payments into court-ordered maintenance payments). "Courts should not give conclusive effect to the judgment's use or omission of commonly employed decretal words, but should instead determine what the trial court adjudicated from a fair reading of all the judgment's provisions." *Wilde v. Murchie*, 949 S.W.2d 331, 333 (Tex. 1997). "Like other judgments, courts are to construe divorce decrees as a

whole toward the end of harmonizing and giving effect to all that is written." *Id.* Here, many of the decretal paragraphs, even those that include the words "it is ordered," also state the "parties agree."

The tax provision is contained in a separate paragraph entitled "Tax Provisions Relative to the Children," and begins with the words "*The parties agree* and IT IS ORDERED . . . ." (Emphasis added.) This provision specifically allows Todd to claim two of the children as dependents for tax purposes in odd-numbered years. This same paragraph ends with the sentence, "The *parties agree* to exchange signed IRS forms in this regard . . . ." (Emphasis added.)

The decree also reflects the parties' agreement on other aspects of their divorce. The paragraph entitled "Transfer and Delivery of Property," states as follows: "*It is understood by the parties* that there will be certain documents necessary to be prepared and signed to effectuate the property division of the parties herein ordered[.] . . . *The parties agree* that each will sign any such documents . . . ." (Emphasis added.) The paragraph entitled "Indemnification," states "*The parties agree* and it is ORDERED that each party will give the other party prompt written notice of any litigation threatened or instituted against either party . . . ." (Emphasis added.) The paragraph entitled "Mediation of Future Disputes Alternative Dispute Resolution," begins with the sentence "*The parties agree* and IT IS ORDERED . . . ." (Emphasis added.) Finally, the paragraph entitled "Decree Acknowledgment," states as follows:

> [Todd] and [Melissa] each acknowledge that before signing the Final Decree of Divorce they have read this [decree] fully and completely, have had the opportunity to ask any questions regarding the same, and fully understand that the contents of this [decree] constitute a full and complete resolution of this case. [Todd and Melissa] acknowledge that they have not signed by virtue of any coercion, any duress, or any agreement other than those specifically set forth in the [decree].

In contrast to the repeated reference to "the parties agree[ment]," Melissa asserts the decree is not a consent judgment based on the so-called "stipulation." We are not convinced this single

sentence, contained in a paragraph entitled "Jurisdiction and Domicile,"[3] controls the interpretation of the entire decree. Whether the decree is interpreted under the law of judgments or the law of contracts, this court must attempt to harmonize all provisions of the decree to give effect to the entire decree. *Shanks v. Treadway,* 110 S.W.3d 444, 447 (Tex. 2003) (interpreting divorce decree under rules regarding construction of judgments); *McGoodwin v. McGoodwin*, 671 S.W.2d 880, 882 (Tex. 1984) (interpreting agreed divorce decree under rules of contract interpretation); *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983) (same).

Based upon our reading of the entire decree, we conclude the parties entered into an agreement to share the federal tax exemptions relative to their children. Construing the decree as a consent judgment gives effect to the language of the entire document and is not inconsistent with the parties' stipulation that "the provisions contained [in the decree] are part of a Court Order, and are not contractual." This so-called "stipulation" merely evidences the parties' agreement to not seek contractual remedies or defenses to any future action to enforce the decree. Thus, Melissa's agreement to voluntarily relinquish her right to claim the exemption in odd-numbered years did not violate federal tax law and was binding on both parties. Accordingly, the trial court erred in denying Todd's motion for summary judgment on "the tax exemption sharing issue." This error, in turn, led the court to incorrectly determine that the tax provision contained in the divorce decree was void.

---

[3] This paragraph reads, in full, as follows:

> The Court finds that the pleadings are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all parties and that at least sixty days have elapsed since the date the suit was filed. The Court finds that, at the time this suit was filed, [Todd] had been a domiciliary of Texas for the preceding six-month period and a resident of the county in which this suit was filed for the preceding ninety-day period. All persons entitled to citation were properly served. The parties stipulate that the provisions contained herein are part of a Court Order, and are not contractual.

## CONCLUSION

For the reasons stated above, we reverse the trial court's Order Granting Motion for Clarification of Divorce Decree and the Order Granting Motion to Dismiss, and we reverse that portion of the trial court's Final Order denying summary judgment in favor of Todd and we render judgment in favor of Todd on "the tax exemption sharing issue." We remand the cause for further proceedings consistent with this opinion.

Sandee Bryan Marion, Justice