**AFFIRM in part, and VACATE and REMAND in part; Opinion Filed April 12, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00848-CV

## IN THE INTEREST OF R.S., A.S., AND L.S., CHILDREN

**On Appeal from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-09274**

## MEMORANDUM OPINION
Before Justices Myers, Osborne, and Nowell
Opinion by Justice Osborne

Mother appeals the trial court's "agreed final decree of divorce" (agreed decree).[1]  Mother

raises two issues on appeal, arguing the trial court erred when it: (1) included material terms in the

agreed decree that were not included in the parties' partial mediated settlement agreement (partial

MSA) or informal settlement agreement (ISA); and (2) denied her request to divide a previously

undivided asset.  The substance of Mother's appeal is that she did not consent to the agreed decree.

We conclude the agreed decree was not a consent judgment.  We affirm the portion of the trial

---

[1] Most of the reporter's and clerk's records were filed under seal.  The trial court signed an agreed sealing order on July 2, 2013, and included a sealing order in the agreed decree.  However, the parties did not file their briefs under seal and cite to portions of the sealed record.  To the extent the briefs may discuss anything touching on the confidential information, this Court is required to hand down a public opinion explaining our decision based on the record.  *See* TEX. R. APP. P. 47.1, 47.3; *In re N.G.G.*, No. 05–16–01084–CV, 2017 WL 655953, at *1 (Tex. App.–Dallas Feb. 17, 2017, no pet.) (mem. op.).  To the extent we cannot fulfill this duty without describing some of the pleadings, evidence, findings, and judgment in the case, "[w]e include any sensitive information in this memorandum opinion . . . only to the degree necessary to strike a fair balance between the parties' interest in keeping portions of the record confidential and our responsibilities to the public as an appellate court."  *See In re N.G.G.*, 2017 WL 655953, at *1 (quoting *TMX Fin. Holdings, Inc. v. Wellshire Fin. Servs., L.L.C.*, 515 S.W.3d 1, 4 n.1 (Tex. App.–Houston [1st Dist.] Oct. 11, 2016, pet. abated)).

court's agreed decree ordering the dissolution of the parties' marriage. In all other respects, we vacate the trial court's agreed decree and remand the case to the trial court for further proceedings consistent with this opinion.

## I. PROCEDURAL CONTEXT

On May 10, 2013, Mother sued Father for divorce after about fifteen years of marriage. Father counter-sued for divorce. The couple had three children, R.S., A.S., and L.S.

On June 5, 2015, Mother and Father executed a partial MSA under Texas Family Code section 153.0071 with respect to the suit affecting the parent-child relationship. *See* TEX. FAM. CODE ANN. § 153.0071 (alternative dispute resolution procedures in suits affecting parent-child relationship). The partial MSA reflects that the parties appeared without their counsel and the amicus attorney was also present. The partial MSA resolved disputes relating to the conservatorship of the children, visitation, counseling, reunification therapy, extracurricular activities, health insurance, and child support. Also, the partial MSA provided that any disagreement about the children or other issues not determined by the partial MSA would be submitted to binding arbitration.

Then, on December 4, 2015, during the course of arbitration, the parties executed an ISA under Texas Family Code section 6.604 with respect to the dissolution of the marriage.[2] *See* FAM. § 6.604 (informal settlement conferences in suits for dissolution of marriage). The ISA states that the parties stipulate the agreement "shall be rendered as the final award of the arbitrator." *See* FAM. §§ 6.601 (arbitration procedures in suits for dissolution of marriage); 153.0071(a)–(b) (arbitration procedures in suits affecting parent-child relationship). However, the record does not include a subsequent arbitration award that incorporates the terms of the ISA and the ISA is not

---

[2] It is not clear from the record on appeal what precipitated the arbitration in December 2015.

signed by the arbitrator. Nevertheless, in subsequent hearings before the trial court, counsel refer to an "arbitrator's award."[3] The ISA states that the partial MSA continues without alteration except as specifically set out in the ISA. Also, the ISA resolved disputes relating to, *inter alia*, child support, the children's school tuition, reunification therapy, supervised visitation and the associated fees, visitation, financial accounts, spousal maintenance, tax burdens and the distribution of refunds, the division of real property, the purchase of a home warranty, and payment of the children's medical expenses. In addition, the parties agreed that any drafting or substantive disputes shall be submitted to arbitration.

On May 18, 2016, the trial court held a hearing.[4] During the hearing, the attorneys pointed out that the parties had several disputes relating to provisions in the partial MSA and the ISA, and that some necessary provisions were missing from those agreements. At the conclusion of the hearing, it was agreed that they would return for another hearing.

On June 2, 2016, the trial court held another hearing,[5] during which there was testimony about some of the provisions of the partial MSA and ISA and it was stated that those documents had been filed with the trial court. However, neither the partial MSA nor the ISA were admitted into evidence, and the trial court did not take judicial notice of the file. Also, although the parties agreed in the partial MSA and the ISA that any drafting or substantive disputes must be arbitrated, in the hearing they represented that they wanted the trial court to determine any continuing or further disputes so they could get the final decree completed. Although the record does not reflect

---

[3] For example, during a hearing on October 13, 2016, Mother's counsel stated, "Then at arbitration, the parties entered into an [ISA], but then it was made an arbitrator's award to give it even more . . . authority with the Court so that the parties couldn't back out of it because you can sometimes back out of an informal settlement."

[4] According to the docket sheet, the hearing was a "motions hearing" and the reporter's record lists the hearing as a "motion to enter." However, it is unclear from the record what motion was being heard by the trial court as there is no written motion to enter judgment in the record on appeal.

[5] According to the docket sheet, the hearing was a "motions hearing" and the reporter's record lists the hearing as a "divorce prove-up". However, it is unclear from the record what motion was being heard by the trial court.

–3–

that a trial was held, at the conclusion of the hearing, the trial court found that "based on the testimony, . . . [the parties'] provisions regarding [the parties'] children are in [the children's] best interest, that [the parties'] property division is just and right, and [granted] [the parties'] divorce."

On July 26, 2016, Mother filed a motion to divide an undivided asset, and on October 6, 2016, Father filed a response. The trial court denied Mother's motion to divide the undivided asset by letter dated November 7, 2016, stating that the tax language submitted by Father's attorney should be used in the divorce decree.

On October 13, 2016, the trial court held another hearing, at the beginning of which it noted that the hearing was on the parties' "joint motion."[6] During the hearing, Father's counsel stated that the parties had "agreed on the record that the remainder of the disputes in this case would be submitted to [the trial court] to the extent they could not agree amongst themselves" because additional fees are incurred by going back to arbitration. However, Mother's counsel responded "if [the trial court] do[es not] have time, [Mother] would like the alternative of doing actually [sic] what the parties agreed to do in the arbitrator's award and go to [the arbitrator]. It's basically a time thing. We agreed to use [the arbitrator], we also agreed to use [the trial court].[7] At the conclusion of the hearing, counsel for both parties agreed to work together on the language of the decree and trial court stated it would have a conference call with counsel on the following Monday.

On December 30, 2016, the trial court signed an "agreed decree" that states the trial court heard the case on June 2, 2016. With respect to the consent of the parties, the agreed decree stated:

---

[6] According to the docket sheet, the hearing was a "motions hearing" and the reporter's record lists the hearing as a "motion to enter." However, it is unclear from the record what motion was being heard by the trial court as there is no written motion to enter judgment in the record on appeal.

[7] During the hearing, the parties acknowledged they were continuing to have disputes, the trial judge had "provided [] time to interpret [their] differences," some of the parties' differences "ha[d] been framed by the [trial judge]," "the [trial judge] provided answers for [the parties]," and the parties agreed that they wanted the trial court to resolve any further differences so they could ultimately get the final decree completed.

## Agreement of Parties

A.       This Agreed Final Decree of Divorce ("decree" or "Decree") is both a judgment and a contract.  The [trial court] finds that the parties have consented to the terms of this Decree, and have stipulated that this is a contract.  The parties agree that the terms of this Decree are contractual in nature and are enforceable, each against the other, as a contract.  **IT IS THEREFORE ORDERED AND DECREED** and the parties have stipulated that adequate consideration for these contractual agreements has been exchanged, including but not limited to, the mutual benefits that each will derive from their mutual promises.  The adequacy of the consideration for all agreements contained herein is stipulated, admitted and confessed by the parties.

B.       General contractual provisions.  This agreement shall take effect only if and when this Decree is signed by the parties.  This agreement shall be governed by, and shall be construed in accordance with, the laws of the State of Texas.  All rights, duties and obligations under this agreement are payable and enforceable in Dallas County, Texas.  By each party's signature to this Decree, each party approves this Decree as a contract and agrees that this Decree is enforceable in contract.

Though the agreed decree, was, in part, a merger of the partial MSA and ISA, it does not confirm an "arbitrator's award," if there was one.[8]  Further, though the "agreed" decree was signed by Father and approved by the parties' attorneys only as to form, it was not signed by Mother.

On January 27, 2017, Mother filed a motion for new trial and motion to reconsider her motion to divide the undivided asset.  In her motion for new trial, Mother argued, in part, that the agreed decree included language that did not appear in either the partial MSA or the ISA and a final judgment rendered pursuant to a settlement agreement must comply with that agreement.  The motion for new trial appears to have been overruled by operation of law.

## II.  AGREED FINAL DECREE OF DIVORCE

In her first issue on appeal, Mother argues the trial court erred when it included material terms in the agreed decree that were not included in the parties' partial MSA or ISA.  Specifically, she claims that the trial court added terms or language that were not agreed on by the parties relating to: (1) income taxes; (2) the children's extracurricular activities; (3) the home warranty;

---

[8]  Also, the trial court found that there was no family violence in the two years preceding or during the pendency of the suit.  *See* FAM. § 153.0071(e)(1) (trial court may decline to enter judgment on MSA in suit affecting parent-child relationship if it makes finding of family violence).

(4) reunification therapy and the children's possession schedules; and (5) offsets. Mother also argues that "[t]he trial court's [agreed] decree purports to supersede the [partial MSA] and ISA, but [(1)] [Mother] never signed the [agreed] decree, and [(2)] such a pronouncement indicates that the trial court ignored well-settled statutes, binding case law, and important public policy considerations." We understand the substance of Mother's argument to be that she did not consent to the agreed decree. Father responds that the parties agreed to submit their disputes about the partial MSA and the ISA as well as other needed terms to the trial court for a "binding decision," so Mother is bound by the trial court's agreed decree. We understand Father's argument to be that Mother waived her right to challenge the trial court's agreed decree on appeal because she agreed to take their disputes to the trial court rather than the arbitrator.

### A. Applicable Law

An agreed final decree of divorce is a consent judgment and treated as a contract between the parties. *See Stafford v. Stafford*, No. 01-13-01060-CV, 2015 WL 2265917, at *2 (Tex. App.—Houston [1st Dist.] May 14, 2015, no pet.) (mem. op.). Accordingly, as a contract, an agreed decree is subject to the usual rules of contract interpretation. *See McCray v. McCray*, 584 S.W.2d 279, 281 (Tex. 1979) (per curiam); *In re C.A.T.*, 316 S.W.3d 202, 210 (Tex. App.—Dallas 2010, no pet.); *see also Lowery v. Lowery*, No. 01-16-00147-CV, 2017 WL 6520428, at *3 (Tex. App.—Houston [1st Dist.] Dec. 21, 2017, no pet.) (mem. op.); *Hicks v. Hicks*, 348 S.W.3d 281, 283 (Tex. App.—Houston [14th Dist.] 2011, no pet.). In general, a consent judgment has the same force as a judgment rendered after litigation, except that the parties' consent excuses error and operates to end all controversy between them. *See McCray*, 584 S.W.2d at 281; *Johnson*, 2010 WL 4156459, at *6. Excepting jurisdictional error, a party's consent to the trial court's entry of judgment waives any error contained in the judgment, and that party has nothing to properly present for appellate review. *See Boufaissal v. Boufaissal*, 251 S.W.3d 160, 162 (Tex. App.—Dallas 2008, no pet.);

*Baw v. Baw*, 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no pet.); *see also Gross v. Dannatt*, No. 13-15-00309-CV, 2017 WL 2705471, at *1 (Tex. App.—Corpus Christi-Edinburg June 22, 2017, pet. denied) (mem. op.), *cert. denied*, No. 18-7342, 2019 WL 1231849 (U.S. Mar. 18, 2019). Accordingly, a party cannot appeal from a judgment to which it has consented or agreed absent an allegation and proof of fraud, collusion, or misrepresentation.[9] *See Boufaissal*, 251 S.W.3d 161–62; *Baw*, 949 S.W.2d at 766.

To have a consent judgment, each party must explicitly and unmistakably give its consent. *See Baw*, 949 S.W.2d at 766; *see also Hicks*, 348 S.W.3d at 283. A trial court cannot render a valid agreed judgment absent consent at the time it is rendered. *See Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006) (per curiam); *Padilla v. LaFrance*, 907 S.W.2d 454, 461–62 (Tex. 1995); *see also Vega v. Vega*, No. 07-14-00208-CV, 2016 WL 735967, at *2 (Tex. App.—Amarillo Feb. 18, 2016, no pet.) (mem. op.); *Sohocki v. Sohocki*, 897 S.W.2d 422, 424 (Tex. App.—Corpus Christi-Edinburg 1995, no writ). The presence of a party's signature approving the decree does not render the decree an agreed or consent judgment. *See Durden v. McClure*, 281 S.W.3d 137, 140 (Tex. App.—San Antonio 2008, no pet.). A party who approves only the form of the judgment forfeits no right to appeal. *See Baw*, 949 S.W.2d at 766–67. Further, the phrase "approved as to form and substance" standing alone does not transform a judgment into a consent judgment. *See Baw*, 949 S.W.2d at 767; *see also Hicks*, 348 S.W.3d at 283; *Durden*, 281 S.W.3d at 140; *cf. Boufaissal*, 251 S.W.3d at 162 (Wife's signature signified her approval and consent to terms of agreed decree as to both form and substance and waived her right to appeal). However, the phrase "approved as to form and substance" may describe an agreed judgment when coupled

---

[9] We note that a trial court may also decline to enter judgment on an MSA agreement in a suit affecting parent child relationship if it makes a finding of family violence in the two years preceding or during the pendency of the suit. *See* FAM. § 153.0071(e)(1). Here, however, the trial court has made no such finding.

with additional recitations in the judgment. *See Durden*, 281 S.W.3d at 140. For example, the body of the consent judgment must also suggest that the judgment was rendered by consent. *See Hicks*, 348 S.W.3d at 283. When a consent judgment is rendered without consent or is not in strict compliance with the terms of the parties' agreement, the judgment must be set aside. *See Chisholm*, 209 S.W.3d at 98; *see also Vega*, 2016 WL 735967, at \*2; *Sohocki*, 897 S.W.2d at 424.

### B. Application of the Law to the Facts

On appeal, Mother does not argue she revoked her consent to the partial MSA or the ISA. *See* FAM. §§ 6.604(b) (in suit involving dissolution of marriage, ISA binding on parties if it states agreement not subject to revocation), 153.0071(d) (in suit affecting parent-child relationship, MSA binding on parties if it states agreement not subject to revocation). Rather, she contends that she did not consent to the agreed decree, which is not in strict compliance with the parties' partial MSA and ISA, because the agreed decree added terms or language that were not agreed on by the parties.

The record shows the parties entered into a partial MSA in the suit affecting the parent-child relationship that did not settle all of their claims and an ISA in the suit for the dissolution of the marriage. *See* FAM. §§ 6.604, 153.0071. However, when it came time to finalize the decree, various disputes arose that the parties sought to have determined by the trial court, although the record does not indicate that there was a trial on those matters. In addition, Mother filed a motion to divide an undivided asset which the trial court denied stating that Father's proposed language should be used in the decree. After at least three hearings, the trial court signed a ninety-five page decree styled "Agreed Decree of Divorce." Though the body of the agreed decree contains language suggesting that the judgment was rendered by consent, it was signed only by Father and approved by the parties' attorneys only as to form; it was not signed by Mother. Mother immediately objected to the agreed decree by filing a motion for new trial that argued, in part, that

the agreed decree added terms and language that did not appear in either the partial MSA or the ISA and was not agreed on by the parties.

Based on the record before us, we cannot conclude that Mother consented to the agreed decree at the time it was rendered. *See, e.g., Chisholm*, 209 S.W.3d at 98 (reversing decree because it was not consent judgment as record demonstrated wife's lack of consent to some of provisions); *Baw*, 949 S.W.2d at 767 (even though husband approved as to form and substance, his objections showed he did not explicitly and unmistakably consent to portions of decree). Accordingly, the trial court's agreed decree must be set aside. *See Chisholm*, 209 S.W.3d at 98 (consent judgment must be set aside when rendered without consent); *see also Vega*, 2016 WL 735967, at *2; *Sohocki*, 897 S.W.2d at 424. We express no opinion as to Mother's other arguments on appeal.

Issue one is decided in Mother's favor. Based on our resolution of issue one, we need not decide issue two.

### III. CONCLUSION

The agreed decree was not a consent judgment.

The portion of the trial court's agreed decree ordering the dissolution of the parties' marriage is affirmed. In all other respects, the trial court's agreed decree is vacated. The case is remanded to the trial court for further proceedings consistent with this opinion.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

170848F.P05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF R.S., A.S., AND
L.S., CHILDREN

No. 05-17-00848-CV

On Appeal from the 254th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-13-09274.
Opinion delivered by Justice Osborne.
Justices Myers and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**, in part, and **VACATED**, in part.

We **AFFIRM** that portion of the trial court's judgment that orders the dissolution of the parties' marriage. In all other respects, the trial court's judgment is **VACATED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant LULU SCHWARTZ recover her costs of this appeal from appellee ROBERT SCHWARTZ.

Judgment entered this 12th day of April, 2019.

–10–