

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00280-CV

**JAMES DAVID HORTON AND**
**ROBBIE LESA HORTON,**

**Appellants**

**v.**

**BROOKE DAVES,**

**Appellee**

**From the 40th District Court**
**Ellis County, Texas**
**Trial Court No. 108349**

## MEMORANDUM OPINION

In one issue, appellants, James David Horton and Robbie Lesa Horton, challenge

a judgment entered in favor of appellee, Brooke Daves.  We affirm.

**Background**

In 2012, James and his former spouse, Kimberly Legrand, were parties to a divorce

proceeding filed in the 378th District Court of Ellis County, Texas.  James and Legrand

are the parents of Amanda Nicole Horton, who is a disabled adult.  In the divorce

proceeding, the 378th District Court of Ellis County appointed Daves as an amicus attorney to "assist the Court in protecting Amanda's best interests." In her affidavit, Daves averred that she "was not an attorney for nor did I provide legal services to Amanda, James Horton, Kimberly Legrand, or Robbie Horton." Daves also mentioned that she participated in a Guardian Ad Litem and Temporary Injunction hearing as amicus attorney and filed a recommendation with the 378th District Court of Ellis County regarding child support for Amanda. Daves insisted that during the hearing and in her recommendation to the 378th District Court of Ellis County regarding child support for Amanda, all statements and recommendations were made "in good faith, not recklessly or consciously indifferent, and based on my previously conducted investigation, discovery efforts, education, and prior experience." On November 27, 2012, the 378th District Court of Ellis County signed an Agreed Decree of Divorce.

On September 9, 2014, James and his new wife, Robbie, filed an original petition in the 44th District Court of Dallas County, Texas, suing Daves, as well as Susan Martin, Shannon Pritchard, and Kimberly Stovall. Martin, Pritchard, and Stovall were lawyers who represented the parties during the Ellis County divorce proceedings. When the suit was filed, Daves resided in Ellis County. In their petition, the Hortons asserted that they sued Daves for her "unsupported recommendations for Amanda."

On October 24, 2014, Martin, Pritchard, Stovall, and Daves filed a joint motion to transfer venue to Ellis County. Thereafter, the Hortons amended their original petition

to assert, in pertinent part, fraud and misrepresentation; intentional infliction of emotional distress; breach of fiduciary duty; and defamation, libel, and slander causes of action against Daves.

On December 2, 2014, Daves filed a motion to dismiss the Hortons' causes of action under the Texas Citizens Participation Act ("TCPA"). This motion was filed subject to and without waiving the previously filed joint motion to transfer venue.

On December 19, 2014, the 44th District Court of Dallas County heard both the joint motion to transfer venue and Daves's TCPA motion to dismiss. On December 29, 2014, the 44th District Court of Dallas County granted Daves's TCPA motion to dismiss and then the joint motion to transfer venue. Accordingly, the case was transferred to Ellis County and assigned a new trial court cause number.

The Hortons filed a petition for writ of mandamus and an interlocutory appeal challenging the actions of the 44th District Court of Dallas County. The Dallas Court of Appeals dismissed the Hortons' interlocutory appeal for lack of jurisdiction and denied the Hortons' petition for writ of mandamus. *See, e.g., Horton v. Daves*, No., 05-15-00017-CV, 2015 Tex. App. LEXIS 6005 (Tex. App.—Dallas June 15, 2015, no pet.) (mem. op.); *In re Horton*, No. 05-15-00396-CV, 2015 Tex. App. LEXIS 3427 (Tex. App.—Dallas Apr. 8, 2015, orig. proceeding) (mem. op.).

In Ellis County, Daves and the Hortons signed an agreed order stipulating the amount of attorney's fees to be awarded to Daves under the TCPA. On April 22, 2016,

pursuant to the agreed order, the 40th District Court of Ellis County signed an agreed order awarding $57,000 in attorney's fees to Daves, as well as attorney's fees for appeals to the Court of Appeals and the Texas Supreme Court. The order further stated that the Hortons take nothing against Daves. Attorney Lawrence L. Mealer, as attorney for James, and Robbie, acting pro se, signed the agreed order under the phrase "APPROVED AS TO FORM AND SUBSTANCE."

No further action was taken in the case for six years. Recognizing that there was no final judgment, Daves filed a motion to sever, which the 40th District Court of Ellis County granted after a hearing. On May 27, 2022, the 40th District Court of Ellis County set aside its prior order granting Daves's motion to sever and signed an amended order granting severance and assigning the Hortons' claims against Daves a new trial court cause number. Because of the severance, the April 22, 2016 agreed order became final, and this appeal followed.

**Analysis**

In their sole issue on appeal, the Hortons contend that the 44th District Court of Dallas County erred when it heard and adjudicated Daves's TCPA motion to dismiss prior to hearing and deciding the joint motion to transfer venue.

"It is well-settled that a judgment entered on the agreement of the parties cures all non-jurisdictional defects." *Mailhot v. Mailhot*, 124 S.W.3d 775, 777 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing *Sandoval v. Rosser*, 86 Tex. 682, 687, 26 S.W. 933, 935 (1894);

*Minnick v. Rogers*, 873 S.W.2d 420, 422 (Tex. App.—Tyler 1994, no writ)); *see, e.g., In re Ikenaga*, No. 04-15-00005-CV, 2016 Tex. App. LEXIS 1840, at \*\*7-8 (Tex. App.—San Antonio Feb. 24, 2016, no pet.) (mem. op.). "A party may not attack a judgment to which it has agreed, absent allegation and proof of fraud, collusion, or misrepresentation." *Oryx Energy Co. v. Union Nat'l Bank*, 895 S.W.2d 409, 416 (Tex. App.—San Antonio 1995, writ denied); *see Pillitteri v. Brown*, 165 S.W.3d 715, 718 (Tex. App.—Dallas 2004, no pet.) ("A party's consent to a trial court's entry of judgment waives any error, except for jurisdictional error, contained in the judgment, and that party has nothing to present for appellate review."); *see also Reedom v. 5950 Boca Raton L.P.*, No. 02-18-00269-CV, 2019 Tex. App. LEXIS 7664, at \*2 (Tex. App.—Fort Worth Aug. 26, 2019, no pet.) (mem. op.). To preserve error for appeal, a party who signs a judgment must specify that his agreement with the judgment is as to form, but not as to substance and outcome. *Mailhot*, 124 S.W.3d at 777 (citing *First Nat'l Bank v. Fojtik*, 775 S.W.2d 632, 633 (Tex. 1989); *Casu v. Marathon Ref. Co.*, 896 S.W.2d 388, 389 (Tex. App.—Houston [1st Dist.] 1995, writ denied); *Transmission Exch. v. Long*, 821 S.W.2d 265, 275 (Tex. App.—Houston [1st Dist.] 1991, writ denied)).

To have a consent judgment, each party must explicitly and unmistakably give its consent. *See Hicks v. Hicks*, 348 S.W.3d 281, 283 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also Baw v. Baw*, 949 S.W.2d 764, 766 (Tex. App.—Dallas 1997, no pet.). A trial court cannot enter a valid agreed judgment absent consent at the time it is rendered. *See*

*Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006) (per curiam); *Padilla v. LaFrance*, 907 S.W.2d 454, 461-62 (Tex. 1995). The presence of a party's signature approving the judgment does not render the judgment an agreed or consent judgment. *See Durden v. McClure*, 281 S.W.3d 137, 140 (Tex. App.—San Antonio 2008, no pet.). A party who approves only the form of the judgment forfeits no right to appeal. *See Baw*, 949 S.W.2d at 766-67. Further, the phrase "approved as to form and substance" standing alone does not transform a judgment into a consent judgment. *See id.*; *see also Hicks*, 348 S.W.3d at 283; *Durden*, 281 S.W.3d at 140; *cf. Boufaissal v. Boufaissal*, 251 S.W.3d 160, 162 (Tex. App.—Dallas 2008 no pet.) (concluding that a wife's signature signified her approval and consent to terms of an agreed decree as to both form and substance and waiver her right to appeal). However, the phrase "approved as to form and substance" may describe an agreed judgment when coupled with additional recitations in the judgment. *See Durden*, 281 S.W.3d at 140. For example, the body of the consent judgment must also suggest that the judgment was rendered by consent. *See Hicks*, 348 S.W.3d at 140.

Here, the 40th District Court of Ellis County's April 22, 2016 order stated that:

> After considering the stipulation and agreement among the plaintiffs [the Hortons] and defendant Brooke Daves as indicated by the parties' or counsel's signatures approving its entry as to form and substance, the Court enters the following Agreed Order:

The order then detailed the prior rulings of the 44th District Court of Dallas County and provided that:

Now the plaintiffs James David Horton and Robbie Lesa Horton and defendant Brooke Daves announce their stipulation and seek this Agreed Order concerning the amount of attorney's fees to be awarded. The Court has reviewed the pleadings, the prior proceedings in the case both at the trial courts and on interlocutory appeal, and the stipulation of plaintiffs James David Horton and Robbie Lesa Horton and defendant Brooke Daves shown by the signatures approving this order. The Court finds that the claims asserted by Plaintiffs James David Horton and Robbie Lesa Horton against Defendant Brooke Daves were brought to deter or prevent Brooke Daves from exercising constitutional rights and were brought for an improper purpose, including to harass or to cause unnecessary delay or to increase the cost of litigation.

It is therefore ORDERED that defendant Brooke Daves recover from plaintiffs James David Horton and Robbie Lesa Horton, jointly and severally, attorney's fees in the sum of $57,000 through the date of this order, including for the previous interlocutory appeal. In the event of an appeal by plaintiff James David Horton or Robbie Lesa Horton to the Court of Appeals, and the appeal is unsuccessful, defendant Brooke Daves will be further entitled to an additional $15,000 as a reasonable attorney's fee; and in the event of an appeal by plaintiff James David Horton or Robbie Lesa Horton to the Supreme Court of Texas, if the appeal is unsuccessful, defendant Brooke Daves will be entitled to an additional $10,000 as a reasonable attorney's fee.

It is further ORDERED that plaintiffs James David Horton and Robbie Lesa Horton take nothing against defendant Brooke Daves.

As between plaintiffs and defendant Brooke Daves, all costs of court spent or incurred are taxed against plaintiffs James David Horton and Robbie Lesa Horton.

. . .

As between plaintiffs and defendant Brooke Daves, all relief not expressed granted in the order is denied.

Attorney Lawrence L. Mealer, as attorney for James, and Robbie, acting pro se, signed the

agreed order under the statement: "APPROVED AS TO FORM AND SUBSTANCE."

As outlined above, the 40th District Court of Ellis County's April 22, 2016 order not only included signatures of Robbie and Mealer, as attorney for James, under the phrase, "APPROVED AS TO FORM AND SUBSTANCE," but also included multiple recitals indicating that the parties agreed and consented to the substance of the agreed order, including the rulings on the TCPA motion to dismiss, transfer of venue, and the award of attorney's fees and costs of court. This constitutes a valid agreed judgment. *See Chisholm*, 209 S.W.3d at 98; *Padilla*, 907 S.W.2d at 461-62; *see also Hicks*, 348 S.W.3d at 283; *Durden*, 281 S.W.3d at 140; *Baw*, 949 S.W.2d at 766-67. Given the foregoing and the absence of evidence demonstrating that the April 22, 2016 order was procured by fraud, collusion, or misrepresentation, we conclude that the Hortons waived any non-jurisdictional error pertaining to venue and have presented nothing for appellate review. *See Fojtik*, 775 S.W.2d at 633; *Sandoval*, 26 S.W. at 935; *Gordon v. Jones*, 196 S.W.3d 376, 383-84 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("Jurisdiction and venue are not synonymous. . . . Venue pertains solely to where a suit may be brought and is a different question from whether the court has jurisdiction of the property or thing in controversy. The transfer of a case from one court to another, therefore, pertains to venue, not jurisdiction. . . . [V]enue may be waived if not challenged in due order and on a timely basis." (internal citations & quotations omitted); *Pillitteri*, 165 S.W.3d at 718; *Mailhot*, 124 S.W.3d at 777; *Oryx Energy Co.*, 895 S.W.2d at 416; *see also Reedom*, 2019 Tex. App. LEXIS 7664, at *2. Accordingly, we overrule the Hortons' sole issue on appeal.

## Conclusion

We affirm the judgment of the trial court.

        STEVE SMITH
        Justice

Before Chief Justice Gray,
      Justice Johnson,
      and Justice Smith
Affirmed
Opinion delivered and filed August 16, 2023
[CV06]

