

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-24-00222-CV

**IN RE** Stephen D. **AGUILAR**, Relator

Original Proceeding[1]

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: January 22, 2025

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

In this original proceeding, relator Stephen D. Aguilar ("Aguilar") asserts the trial court abused its discretion when it held him in contempt of court for failing to pay contractual spousal maintenance. We agree and conditionally grant relator's petition for writ of mandamus.[2]

### BACKGROUND

In 2014, Aguilar and Gianinna J. Aguilar ("Gianinna") agreed to divorce. On July 9, 2014, a final decree of divorce was entered. It contained the following provision in which Aguilar agreed to make forty-eight (48) monthly payments of $600.00 each to Gianinna.

---

[1] This proceeding arises out of Cause No. 2014-CI-07010, styled *Gianinna J. Aguilar v. Stephen D. Aguilar*, pending in the 288th Judicial District Court, Bexar County, Texas, the Honorable Antonio Arteaga presiding.

[2] This court requested responses from the real party in interest and the respondent, but none was submitted.

It is the mutual desire of the parties to provide a continuing measure of support for GIANINNA J, AGUILAR, Receiving Party, after divorce. These support payments undertaken by STEPHEN D. AGUILAR, Paying Party, are intended to qualify as contractual alimony as that term is defined in section 71(a) of the Internal Revenue Code of 1986 ("the Code"), as amended, and are intended to be includable in the gross income of Receiving Party under section 7l(a) of the Code and deductible by Paying Party under section 215(a) of the Code. All provisions of this article will be interpreted in a manner consistent with that intention.

The parties agree and IT IS ORDERED that STEPHEN D. AGUILAR will pay directly to GIANINNA J. AGUILAR the sum of $600.00 per month with the first payment being due and payable on the first day of the first month following entry of this Final Decree of Divorce and continuing with a like sum being due and payable on the first day of each month thereafter for a total of forty-eight (48) monthly payments of $600.00 each.

On March 26, 2019, Gianinna filed a petition for the enforcement of spousal maintenance, alleging Aguilar had not made any of the agreed to maintenance payments. Gianinna asked the trial court to hold Aguilar in contempt, jail, and fine him for each missed payment.

On August 30, 2023, the trial court held a hearing on Gianinna's petition. Aguilar's counsel argued that the provision at issue unambiguously established that the support payments were contractually agreed to and did not reflect court ordered spousal maintenance pursuant to Chapter 8 of the Texas Family Code. At the conclusion of the hearing, the trial court recommended the parties reach a settlement.

On December 6, 2023, the trial court entered an order finding Aguilar failed, on forty-eight separate occasions, to pay spousal maintenance as ordered in the divorce decree. The trial court then held Aguilar in contempt for each separate violation, and ordered that Aguilar be confined in the Bexar County jail for a period not to exceed eighteen months, or until Aguilar has complied with the trial court's orders to pay Giannina's court costs, attorney's fees, and $28,800 for unpaid spousal maintenance. The trial court then suspended Aguilar's commitment on terms and

conditions similar to those discussed as potential settlement terms during the August 30, 2023 hearing.

## LEGAL STANDARD

"Mandamus relief is warranted when the trial court clearly abused its discretion and the relator has no adequate appellate remedy." *In re Coppola*, 535 S.W.3d 506, 508 (Tex. 2017) (orig. proceeding) (per curiam). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' [or if it clearly fails] to analyze or apply the law correctly . . . ." *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 2006) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985), *disapproved of on other grounds by In re Columbia Med. Ctr. of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204 (Tex. 2009)). When the trial court's order is void, "the relator need not show that it did not have an adequate appellate remedy, and mandamus relief is appropriate." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per. curiam).

"Because contempt orders are not appealable, they are reviewable only by writ of mandamus or habeas corpus." *In re Janson*, 614 S.W.3d 724, 727 (Tex. 2020) (orig. proceeding) (per curiam). "When the contemnor is not jailed, the proper vehicle to challenge a contempt order is a writ of mandamus, which requires the contemnor to show that the trial court abused its discretion." *Id.* However, "our statutory grant of habeas jurisdiction does not prohibit us from exercising mandamus jurisdiction when a person is confined." *In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding).

## ANALYSIS

Aguilar asserts the trial court abused its discretion when it held him in contempt, because the support payments at issue were contractual in nature. We agree.

The Texas Family Code defines "maintenance" as "an award in a suit for dissolution of a marriage of periodic payments from the future income of one spouse for the support of the other spouse." TEX. FAM. CODE ANN. § 8.001(1). "Chapter 8 of the Texas Family Code authorizes trial courts to award spousal maintenance under very narrow and limited circumstances." *Clark v. Clark*, No. 04-22-00112-CV, 2023 WL 7137288, at *3 (Tex. App.—San Antonio Oct. 31, 2023, no pet.) (mem. op.) (citing *Dalton v. Dalton*, 551 S.W.3d 126, 130 (Tex. 2018)). "Chapter 8's enforcement provisions apply only to spousal-maintenance orders that a court enters 'on the authority' of Chapter 8 and that meet that chapter's 'other requirements.'" *Dalton*, 551 S.W.3d at 131 (citing *In re Green*, 221 S.W.3d 645, 647-48 (Tex. 2007)).

"Texas law permits parties to agree to contractual spousal maintenance that varies from Chapter 8 of the Texas Family Code." *Clark*, 2023 WL 7137288, at *3 "Chapter 7 of the Family Code continues to encourage divorcing parties to amicably settle their disputes by agreeing to any spousal-support obligations." *Dalton*, 551 S.W.3d at 131 (citing TEX. FAM. CODE ANN. § 7.006(a)). "Texas law distinguishes between court-ordered spousal-maintenance awards under Chapter 8 and court-approved voluntary obligations under Chapter 7." *Id*. (citing *In re Green*, 221 S.W.3d at 647–48; *Ex parte Hall*, 854 S.W.2d 656, 656–57 (Tex. 1993)).

"[U]nder Texas law, an order incorporating a voluntary support obligation that does not qualify as spousal maintenance creates a debt that is enforceable as a contract, not a court-ordered obligation that is enforceable as a judgment." *Dalton*, 551 S.W.3d at 134 (citing In re *Green*, 221 S.W.3d at 647-48). "Chapter 8 does not apply to a spousal maintenance provision in a divorce decree that restates a parties' contractual spousal maintenance agreement." *Clark*, 2023 WL 7137288, at *3 (quoting *In re Marriage of Martz*, No. 09-21-00048-CV, 2022 WL 2251731, at *7 (Tex. App.—Beaumont June 23, 2022, pet. denied)).

In the present case, we find that the provision at issue represents a contractual maintenance agreement rather than court ordered maintenance under Chapter 8.

While decretal language is present in the phrase "IT IS ORDERED," the use of the word "order" is not alone dispositive. *See Durden v. McClure*, 281 S.W.3d 137, 140–41 (Tex. App.—San Antonio 2008, no pet.) (citing *McCollough v. McCollough,* 212 S.W.3d 638, 647 (Tex. App.—Austin 2006, no pet.)). "Courts should not give conclusive effect to the judgment's use or omission of commonly employed decretal words, but should instead determine what the trial court adjudicated from a fair reading of all the judgment's provisions." *Id*. (quoting *Wilde v. Murchie,* 949 S.W.2d 331, 333 (Tex. 1997)).

Here, the decretal language is preceded by unambiguous language reflecting an agreement between the parties that Aguilar provide support to Giannina.

> It is the mutual desire of the parties to provide a continuing measure of support for GIANINNA J. AGUILAR, Receiving Party, after divorce. These support payments undertaken by STEPHEN D. AGUILAR, Paying Party, are intended to qualify as contractual alimony[.]

Further, the sentence containing the decretal language reiterates this agreement.

> The parties agree and IT IS ORDERED that STEPHEN D. AGUILAR will pay directly to GIANINNA J. AGUILAR the sum of $600.00 per month[.]

Such language represents a voluntary undertaking by Aguilar, not a legal duty imposed by the court. *See*, *e.g.*, *McCollough v. McCollough*, 212 S.W.3d 638, 647–48 (Tex. App.—Austin 2006, no pet.); *In re Dupree*, 118 S.W.3d 911, 916 (Tex. App.—Dallas 2003, orig. proceeding). This conclusion is also supported by the absence of any reference to Chapter 8 within the divorce decree. *See Waldrop v. Waldrop*, 552 S.W.3d 396, 403 (Tex. App.—Fort Worth 2018, no pet.) (en banc) ("In determining whether the parties intended for chapter 8 to apply to an agreed maintenance provision, courts additionally examine whether the agreed maintenance provision

sets forth the criteria required to trigger chapter 8 spousal support and imposes a support obligation that is within chapter 8's limit on the amount and duration of such support.") (collecting cases).

## CONCLUSION

Based on the foregoing, we conclude the spousal maintenance provision at issue was a court-approved voluntary obligation under Chapter 7 of the Texas Family Code rather than a court-ordered spousal-maintenance award under Chapter 8. Accordingly, it was an abuse of discretion for the trial court to hold Stephen D. Aguilar in contempt of court.

Therefore, we conditionally grant the writ of mandamus and direct the trial court to vacate the entirety of its December 6, 2023 order finding Stephen D. Aguilar guilty of forty-eight (48) acts of contempt for failure to pay contractual spousal maintenance. The writ will issue only if the trial court fails to vacate this order within fifteen days from the date of our opinion and order.

Rebeca C. Martinez, Chief Justice